**Grace A. ST. HILAIRE**

v.

**Clement A. ST. HILAIRE**

Supreme Judicial Court of Maine.

Submitted on Briefs May 6, 1987.
Decided May 29, 1987.

Robert E. Mullen, Linnell, Choate & Webber, Auburn, for plaintiff.

Clement A. St. Hilaire, pro se.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The defendant, Clement St. Hilaire, appeals from an order of the Superior Court (Androscoggin County), which amends a previously entered divorce judgment by transferring the right to sell the parties' marital home from the defendant to his

ex-wife, the plaintiff, Grace St. Hilaire. The defendant argues that by transferring the responsibility for the sale of the house to the plaintiff, the court effected a substantive change in the distribution of marital property. We disagree and affirm the judgment.

## I.

The parties were divorced pursuant to a judgment entered by the Superior Court on December 8, 1983. In that judgment, the court ordered the defendant to take primary responsibility for selling the marital home "in a commercially reasonable manner so as to bring the best possible price." The sale was to be made within two years of the divorce judgment.

On May 20, 1986, the plaintiff filed a "Motion for Contempt/For Enforcement of Divorce Judgment" alleging, *inter alia,* that the defendant had failed to take responsibility for selling the marital home under the terms of the divorce judgment. A hearing was held on the plaintiff's motion on June 13, 1986. In an order dated July 3, 1986, the motion justice found that the defendant had "willfully failed to market and sell the premises." The court ordered the defendant to take immediate steps to sell the marital home and to report back to the court at a hearing to be held July 29, 1986.

The second hearing was held on July 29 as scheduled. The court subsequently entered its order amending the divorce judgment to transfer responsibility for selling the marital home to the plaintiff.

## II.

We conclude that the Superior Court did not commit any error of law in transferring responsibility for selling the home to the plaintiff. As the plaintiff points out: "The distribution of the net proceeds of the sale of the real estate under the amended judgment was exactly the same as under the original Divorce Judgment. All the Superior Court did in its Amended Divorce Judgment was to change the responsibility for selling the house from the Appellant to the Appellee."

Although it would be an error of law for the Superior Court to change the distribution of marital property specified in the original divorce judgment, *see, e.g., Wardwell v. Wardwell,* 458 A.2d 750 (Me.1983), that did not occur in this case. The court did not make any change in that distribution, but properly exercised its power to enforce its previous divorce decree. *Cf. Fitzgerald v. Trueworthy,* 476 A.2d 183 (Me.1984) (provision of divorce judgment ordering sale of marital home imposed *in personam* obligation to sell property without affecting transfer of marital assets).

The entry is:

Judgment affirmed.

All concurring.