## Cindy L. METIVIER

v.

## Daniel J. METIVIER.

Supreme Judicial Court of Maine.

Argued Oct. 30, 1990.

Decided Nov. 21, 1990.

Stephen C. Lunt (orally), Givertz, Lunt & Hambley, Portland, for plaintiff.

Jeffrey T. Edwards (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

McKUSICK, Chief Justice.

On May 17, 1990, the Superior Court (Cumberland County, *Cleaves, J.*), finding

---

that defendant Daniel J. Metivier had failed to comply with its amended divorce judgment, entered an enforcement order that transferred to plaintiff, his former wife Cindy L. Metivier, sole authority for the sale of the parties' marital residence. Challenging the validity of the amended judgment and the relief that the enforcement order affords, defendant appeals. We find no error.

After nearly twelve years of marriage, Cindy Metivier filed a complaint for divorce from her husband on August 15, 1988. The Superior Court's October 25, 1989, divorce judgment ordered shared parental rights and responsibilities of the couple's three children. Incorporating the agreement of the parties, the divorce judgment also ordered the parties to cooperate in the sale of their home in West Buxton. Until the house was sold, the wife and the children were granted exclusive occupancy rights to the house and she was to be responsible for half of the mortgage and insurance payments. The husband was to make all the payments and was entitled to set off his payments of the wife's half of those house costs against the alimony payments he was obligated to pay to her. Once the house sold, the net proceeds were to be distributed 55% to the wife and 45% to the husband.

The husband filed a timely motion to amend the divorce judgment pursuant to Rule 59(e). The crux of his motion requested clarification of his child support obligations and visitation rights. More than 10 days after entry of the divorce judgment, the wife filed her own motion to reconsider and clarify the judgment. Her motion alleged that the husband was not cooperating in the sale of the house and requested that he be denied the right to offset the mortgage and insurance payments against his alimony obligation until he cooperated. The court held a hearing on both motions. Before the court had ruled on the motions, however, the husband appealed the divorce judgment and the appeal was docketed in the Law Court. Nonetheless, the Superior Court proceeded to amend the divorce judgment to provide *inter alia* that the hus-

band would not be entitled to the offset so long as he failed to cooperate.

The amended judgment did not succeed in inducing the husband's cooperation. After the husband's appeal was dismissed on the stipulation of the parties, the wife filed a motion to enforce the amended divorce judgment. She asked the court to find that the husband had failed to cooperate in the sale of the house and to pay the full alimony unreduced by the offset that was suspended by the amended judgment. The court made the requested findings and, as relief, transferred to the wife the sole authority for selling the marital home. The order required the wife to "exercise such right reasonably, and [to] sell the property in good faith and in a commercially reasonable manner."

■ On the husband's present appeal from that enforcement order, the sole issue that warrants any extended discussion is whether the Superior Court could validly amend the divorce judgment during the pendency of the husband's appeal. If the court's amended judgment that denied the husband the alimony setoff was invalid, then the order entered to enforce it would also be invalid. *See Wilson v. Wilson,* 140 Me. 250, 251, 36 A.2d 774, 774 (1944). We turn to M.R.Civ.P. 73(f) to determine what action the Superior Court may take during the pendency of an appeal. Rule 73(f) provides that once an appeal is docketed by the clerk of the Law Court, "[t]he Superior Court shall take no further action until after certification of disposition of the appeal ... except as is necessary to dispose of any timely motion made pursuant to one of the rules enumerated in Rule 73(a)." The rules that are listed in Rule 73(a) govern those motions that stay the running of the time for appeal, one of which is a Rule 59(e) motion to alter or amend the judgment.

The husband argues here that the court had no jurisdiction to grant the relief that the wife requested in her motion because she did not file it within the 10-day period prescribed by Rule 59(e). That interpretation of the operation of Rules 73(f) and 59(e) ignores our ruling in *Most v. Most,*

477 A.2d 250 (Me.1984). As applied to the circumstances of the case at bar, we held in *Most* that "when a party [such as Daniel Metivier] serves a timely motion under Rule 59(e), the court may correct errors in the judgment which it deems appropriate, even though the changes were not requested by [the moving] party." *Id.* at 261. Thus, the fact that the husband's timely Rule 59(e) motion was pending enabled the court to amend the divorce judgment beyond the changes requested by the husband. The only requirement is that the court "first notify the parties of its intent to do so and provide an opportunity for a hearing." *Id.* In the case at bar the court's notice of the hearing, as well as the hearing itself, on both parties' motions served to inform the husband that the court was considering amending the judgment in the manner the wife had requested in her motion. The court was authorized to make those amendments on its own initiative in connection with ruling on the husband's timely motion to amend the divorce judgment in other respects. Thus, the amended divorce judgment was not invalid because it was entered during the pendency of the appeal. The husband's failure to comply with the amended judgment's provision that suspended his prior right to offset the wife's half of the house payments against his alimony obligation justified the enforcement order.

Given that the court's order enforced a valid amended divorce judgment, the husband's remaining challenges to the order, including its award of costs and attorney fees to the wife, merit no serious consideration. The husband has not met his burden of demonstrating that the court's findings of fact that formed the basis for the enforcement order were clearly erroneous. *See City of South Portland v. Pine State By-Products, Inc.,* 306 A.2d 1, 4–5 (Me. 1973). The court's inherent power to enforce a divorce judgment includes the power to transfer responsibility for the sale of a marital residence. *See St. Hilaire v. St. Hilaire,* 567 A.2d 1349, 1349 (Me.1990). Having prevailed, the wife is entitled to recover from the husband her full attorney fees for defending against his appeal. On

remand the Superior Court shall determine the reasonable amount of that award. *See Prue v. Prue,* 420 A.2d 257, 260 (Me.1980).

The entry is:

Judgment affirmed. Remanded to the Superior Court for award of the wife's reasonable attorney fees on appeal.

All concurring.