**Donna (Wood) STOTLER**

v.

**Donald G. WOOD.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 16, 1996.

Decided Dec. 27, 1996.

Richard D. Solman, Solman & Hunter, P.A., Caribou, for Plaintiff.

Allan Hanson, Caribou, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Donald Wood appeals from the judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) affirming the judgment of the District Court (Caribou, *Daigle, J.*) identifying and dividing his military pension as omitted marital property pursuant to 19 M.R.S.A. § 722–A(6).[1] Donald raises three issues on appeal: (1) whether the pension is property subject to distribution even though it was not vested at the time of the divorce; (2) whether the pension is omitted property pursuant to section 722–A(6); and (3) whether the court abused its discretion when it divided the pension benefits between the parties. We affirm the judgment.

Donald Wood and Donna (Wood) Stotler obtained a divorce in July 1990 after nine years of marriage. During the marriage, and for eight years before and three years after, Donald was employed by the United States Air Force. Donald's military pension vested only after twenty years of service; thus, at the time of the divorce the pension had not yet vested. The divorce judgment incorporated a property settlement agreement drafted by Donna's attorney. Although the agreement divided the parties' personal property, neither the agreement nor the judgment mentioned Donald's pension.

In March 1994, Donna filed a motion to set aside or divide Donald's pension pursuant to 19 M.R.S.A. § 722–A(6). At the hearing on the motion Donna and Donald both testified they were aware of Donald's pension at the time of the divorce, had discussed it while the divorce was pending, and believed Donna had no right to receive any portion of the pension because they had not been married for at least ten years.[2] Donna testified she brought the present action after learning that a portion of Donald's pension might be marital property.

---

[1]. Section 722–A(6) provides:

**Omitted property.** If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common. On the motion of either party, which may be made at any time, the court may set aside or divide the omitted property between the parties, as justice may require.

19 M.R.S.A. § 722–A(6) (Supp.1996).

[2]. The parties mistake was based on 10 U.S.C.A. § 1408 (1983 & Supp.1996) which authorizes states to divide military retired pay in divorce proceedings. Contrary to the parties' belief the statute does not bear on the issue whether a military pension is property under state law. The statute requires merely that the parties were married at least ten years in order for the government to make direct payments to the former spouse of a retired service member. § 1408(d)(2).

The trial court held the portion of the pension earned during the marriage to be both marital and omitted property and, in accordance with the earlier judgment, divided it equally.

## I

### Unvested Pension Rights

■ Donald argues the pension is not property subject to equitable distribution because it had not vested at the time of the divorce. When the parties divorced, Donald had served in the Air Force for about seventeen years. Donald contends that because he had to remain in the military an additional three years to receive the pension nothing existed to be set aside or divided at the time of the divorce.

Donna argues that the definition of "marital property" is to be interpreted broadly under our statutes and that Donald's unvested pension is marital property subject to equitable distribution. We agree. Pursuant to section 722–A(2) marital property is defined, with certain exceptions not here applicable, as "all property acquired by either spouse subsequent to marriage...." 19 M.R.S.A. § 722–A(2) (1981). We have stated " 'all personal property, tangible and intangible, in which a spouse acquires an interest is includable [as property to be divided by the court]. Choses in action, rights and other interests, the benefits of which may be receivable now or in the future are classifiable as intangible personal property.' " *Moulton v. Moulton*, 485 A.2d 976, 978 (Me.1984) (alteration in original) (quoting *Kruger v. Kruger*, 73 N.J. 464, 375 A.2d 659, 661 (1977) and citing *In re Marriage of Laster*, 197 Mont. 470, 643 P.2d 597, 603 (1982) (nonmarital retirement programs includable, whether or not vested)). We have interpreted broadly the definition of marital property subject to the provisions of section 722–A. *See Noyes v. Noyes*, 662 A.2d 921, 924 (Me.1995) (increase in the value of husband's vested pension occurring during marriage); *Moulton*, 485 A.2d at 978 (husband's right to be compensated for electrical work done for his aunt); *Lord v. Lord*, 454 A.2d 830, 833 (Me. 1983) (good will of insurance agency operated jointly by the parties). Furthermore, the majority of other jurisdictions that have considered the issue have concluded that an unvested pension may be marital property subject to distribution. *See* Charles C. Marvel, Annotation, *Pension or Retirement Benefits as Subject to Award or Division by Court in Settlement of Property Rights Between Spouses*, 94 A.L.R.3d 176, § 13(c) (1979). In light of the expansive definition of property in section 722–A(2), and consistent with our prior holdings, an unvested military pension is a form of marital property. An unvested right to retirement benefits is a contractual right, subject to a contingency, and is an asset subject to equitable distribution in divorce proceedings.

## II

### Omitted Property

■ Donald next argues that the pension is not "omitted" property within the meaning of the statute. Donna discussed the pension with her attorney at the time of the divorce and decided not to pursue it. Donald contends Donna should not be able to use section 722–A(6) to reverse a decision she made at the time of the divorce simply because she no longer believes her decision was correct. Although the law in existence before the effective date of section 722–A(6) would require a different conclusion in this case, *see Carr v. Carr*, 656 A.2d 743, 744 (Me.1995), under present law Donald's contentions are unavailing.

The statute's language is applicable and its meaning is clear: marital property that is not set apart or divided in a final divorce decree is omitted property which may be disposed of by the court as justice requires. *See Fullerton v. Knox County Commissioners*, 672 A.2d 592, 594 (Me.1996) (statutes are interpreted by first looking at the plain meaning of the statutory language seeking to give effect to the legislative intent). Furthermore, the legislative history .of section 722–A(6) shows that the statute was designed specifically to enable spouses to reach military pension benefits not disposed of in a divorce judgment. *See Salenius v. Salenius*, 654 A.2d 426, 429 (Me.1995). The statute provides an exception to the strong, long-

recognized, policy consideration concerning the importance of finality of property settlements in divorce judgments. *See id.* at 430. The pension was not mentioned in the divorce judgment; therefore, it is omitted property pursuant to the statute.[3]

### III

#### Pension Distribution

■ The statute authorizes the court to "set aside or divide the omitted property between the parties, as justice may require." 19 M.R.S.A. § 722–A(6) (Supp.1996). Donald contends that the court erred when it distributed a portion of the pension benefits to Donna.

■ When, as here, an appeal is from a judgment entered in the Superior Court acting as an appellate court we review directly the record before the trial court. *Nordberg v. Nordberg,* 658 A.2d 217, 219 (Me.1995). It is undisputed that both parties in this case believed at the time of the divorce that Donald's military pension was not marital property subject to division. It is also undisputed that the parties agreed to an equal division of the marital property mentioned in the divorce judgment. No alimony was awarded; thus, Donald's future pension benefits were not factored into such an award. Although Donald was ordered to pay child support, Donald's future pension benefits were not included in the calculation. Instead, the award was based on each parent's annual gross income at the time of the divorce.

■ The disposition of marital property is reviewed for an abuse of discretion and will not be disturbed unless "it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Arey v. Arey,* 651 A.2d 351, 353 (Me.1994). Here, the portion of the pension found to be marital property was divided equally between the parties in accordance with the original divorce judgment. In such circum-

stances, we cannot conclude the trial court abused its discretion.

The entry is:

Judgment affirmed.

All concurring.

---

3. Section 722–A(6) represents a limited exception to the doctrine of *res judicata;* thus, the fact the parties discussed the pension before the divorce judgment or could have litigated the issue at that time is irrelevant with respect to whether the pension is omitted property under the statute. *See Salenius,* 654 A.2d at 429. The fact the parties were aware of the pension and the extent to which the pension was factored into the parties' original property settlement is relevant, however, to the manner in which justice requires the court set aside or divide the pension between the parties.