2004 ME 21

**David BLACK**

v.

**Lorraine BLACK.**

Supreme Judicial Court of Maine.

Argued: April 8, 2003.
Decided: Feb. 26, 2004.

*id.*

Sally A. Williams, Esq. (orally), Bidde-ford, for plaintiff.

Kenneth P. Altshuler, Esq. (orally), Childs, Rundlett, Fifield, Shumway & Altshuler, LLC, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

Majority: SAUFLEY, C.J., and RUDMAN, DANA, CALKINS, and LEVY, JJ.

Dissent: CLIFFORD and ALEXANDER, JJ.

LEVY, J.

[¶ 1] David Black and Lorraine Black were divorced in 1993 by a divorce judgment of the District Court (York, *Gaulin, J.*) that provided, among other things, that each would receive one-half of David's military retirement pay as a division of marital property. In 2000, David converted his military retirement pay to disability pay, resulting in the termination of Lorraine's receipt of her one-half share of the military retirement pay. Lorraine filed postjudgment motions to enforce and for relief from the divorce judgment. The District Court (*Kennedy, J.*) denied both motions, concluding that it was without authority to enforce the judgment because of prohibitions on the postjudgment modification of property distributions and waivers of spousal support, and that it was barred from granting relief from the judgment by the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408(a)(4)(B), (c)(1) (2000). Because we conclude that the court is authorized to award relief under these circumstances, we vacate the court's judgment.

## I. PROCEDURAL AND HISTORICAL BACKGROUND

[¶ 2] The parties' 1993 divorce judgment included the following provision dividing David's military retirement pay:

15. The parties [*sic*] marital property consisting of the plaintiff's United States Air Force Retirement Pay shall be divided as follows: plaintiff and the defendant shall each receive $667.00 per month before taxes, which equals fifty per cent [50%] of the plaintiff's disposable retirement pay according to said SETTLEMENT AGREEMENT. The parties shall complete all necessary documentation to facilitate direct payment to each party from the United States Government.

The settlement agreement was incorporated into the divorce judgment and provided, in relevant part: (1) each party would receive his or her share "directly from the U.S. Air Force and each party will execute any and all documents necessary to facilitate this arrangement"; (2) Lorraine would not be entitled to any share of David's military disability benefits in the amount of $277 each month; (3) each party would execute and deliver all documents required to give full force and effect to the settlement agreement; and (4) each party waived the right to seek "alimony or separate support and maintenance, regardless of any change in their needs or any other circumstances."

[¶ 3] Following the entry of the divorce judgment, David and Lorraine each received their respective shares of the military retirement pay. In October 2000, the Department of Veterans Affairs determined that David suffered from major depression, which entitled him to increase his disability pay to the 100% rate. David elected to receive 100% disability compensation, and he waived his retirement pay in its entirety as a condition of this election. As a result, Lorraine's receipt of her share of David's retirement pay ended in November 2000.

[¶ 4] In response to David's postdivorce conversion of his retirement pay to disability pay, Lorraine filed a motion to enforce the divorce judgment and a motion for relief from the divorce judgment pursuant

to M.R. Civ. P. 60(b).[1] Following a non-testimonial hearing, the court denied the motion to enforce, concluding that the strong public policy favoring finality of judgments, particularly in the area of family law, precluded relief. The court noted that neither property distributions nor the permanent denial of spousal support in divorce judgments are subject to modification, and that

> If these rules did not exist, the court would be overwhelmed by relitigation of contentious family law cases on these issues, in addition to the flood of post-judgment motions already allowed on issues of parental rights and responsibilities and child support.

[¶ 5] With respect to the motion for relief from judgment pursuant to M.R. Civ. P. 60(b), the court concluded that although David's decision to convert his retirement pension to disability benefits "works a great injustice on [Lorraine], and unjustly enriches him," it could not grant the motion because the division of veterans' disability pay was precluded by the Supreme Court's interpretation of the Uniformed Services Former Spouses' Protection Act (USFSPA) in *Mansell v. Mansell*, 490 U.S. 581, 594–95, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). In *Mansell*, the Court held that, under the USFSPA, a state divorce court may treat military retirement benefits, but not military disability benefits, as divisible marital property upon divorce. *Id.* at 589, 594–95, 109 S.Ct. 2023. The District Court concluded that "but for federal law, the court would exercise its discretion and reopen the judgment." This appeal followed.

## II. DISCUSSION

[¶ 6] We address, in order: (A) the degree to which the USFSPA restricts an award of postjudgment relief; (B) whether Lorraine may be entitled to enforcement relief under the circumstances presented; and (C) whether Lorraine may be entitled to relief from judgment under the circumstances presented. We review the District Court's rulings on questions of law de novo. *Blanchard v. Sawyer*, 2001 ME 18, ¶ 5, 769 A.2d 841, 843.

## A. The Uniformed Services Former Spouses' Protection Act

[¶ 7] Federal law permits a veteran who becomes disabled as a result of military service to receive disability benefits. 38 U.S.C. §§ 1110, 1131 (2000). Veterans who qualify as disabled are permitted to waive their retirement pay and receive a corresponding amount of disability pay instead. 38 U.S.C. § 5305 (2000). Indeed, there is a financial incentive for veterans who qualify for disability benefits to elect disability rather than retirement benefits; the former are exempt from both federal and state income taxes while the latter are not. *See id.* § 5301(a).

[¶ 8] The USFSPA provides that a state divorce court may treat military "disposable retired pay ... as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1). The Act's definition of "disposable retired pay," however, excludes disability payments that a veter-

---

1. The applicable provisions of M.R. Civ. P. 60(b) provide:

 > On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding.

an receives as a result of waiving retirement pay. *Id.* § 1408(a)(4)(B).[2]

[¶ 9] These federal law provisions were considered in *Mansell,* in which the United States Supreme Court addressed the question of "whether state courts, consistent with the [USFSPA], may treat as property divisible upon divorce military retirement pay waived by the retiree in order to receive veterans' disability benefits." 490 U.S. at 583, 109 S.Ct. 2023. In *Mansell,* the parties were divorced in California in 1979 after a twenty-three year marriage. *Id.* at 585, 109 S.Ct. 2023. They entered into a property settlement agreement that provided that the husband would pay the wife fifty percent of his total military retirement pay, "including that portion of retirement pay waived so that [he] could receive disability benefits." *Id.* at 585–86, 109 S.Ct. 2023. In other words, the *Mansell* divorce judgment treated the portion of military retirement pay that had previously been converted to military disability pay as property subject to division. In 1983, the husband filed a motion to modify the judgment, seeking the termination of this provision. *Id.* at 586, 109 S.Ct. 2023. He asserted that the provision of the judg-

ment awarding the wife a portion of his military retirement pay that had been waived in order to receive disability pay was precluded by the USFSPA. *Id.* The trial court denied the motion, and the husband lost his state appeal. *Id.* at 586–87, 109 S.Ct. 2023. The case reached the Supreme Court, which reversed and held that the USFSPA "does not grant state courts the power to treat as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits." *Id.* at 594–95, 109 S.Ct. 2023. Although *Mansell* arose from a postjudgment motion, the opinion addresses the application of the USFSPA to a prejudgment conversion of retirement pay to disability pay. *See id.* at 585–86, 109 S.Ct. 2023.

[¶ 10] Since *Mansell,* jurisdictions have divided on the question of whether the USFSPA limits the authority of state courts to grant relief when, as here, a postjudgment conversion of retirement pay to disability pay divests the share of retirement pay allocated to a former spouse in an earlier divorce judgment.[3] Because *Mansell* explicitly addressed the USFSPA as precluding a state

---

2. This section states:

 The term "disposable retired pay" means the total monthly retired pay to which a member is entitled less amounts which—

 . . . .

 (B) are deducted from the retired pay of such member as a result of forfeitures of retired pay ordered by a court-martial or as a result of a waiver of retired pay required by law in order to receive compensation under title 5 or title 38 [disability payments].

 10 U.S.C. § 1408(a)(4)(B).

3. Jurisdictions that conclude the USFSPA does not ban relief in the face of a postdissolution waiver include: *Danielson v. Evans,* 201 Ariz. 401, 36 P.3d 749, 751–59 (Ct.App. 2001) (upholding an order requiring former husband to pay his former wife the difference between the value of the retirement pay as it

was envisioned at the time of the divorce and the reduced amount that she actually received as a result of his waiver); *In re Marriage of Krempin,* 70 Cal.App.4th 1008, 83 Cal.Rptr.2d 134, 139–41 (1999) (finding that *Mansell* does not apply to postjudgment waivers and remanding to trial court to determine if a resulting trust should be established); *Krapf v. Krapf,* 439 Mass. 97, 786 N.E.2d 318, 325 (2003) (granting former wife relief based on her former husband's obligation of good faith and fair dealing in the separation agreement); *Scheidel v. Scheidel,* 129 N.M. 223, 4 P.3d 670, 672, 674 (Ct.App. 2000) (holding that federal law does not prohibit a state court from enforcing an indemnity provision from the settlement agreement that required the former husband to reimburse his former wife if he voluntarily waived retirement pay); *Zabala v. Zabala,* 48 Va. Cir. 267, 267–68, 270 (Va. Cir. Ct.1999) (granting

divorce court from treating military retirement pay that had previously been converted to disability pay "as property divisible *upon* divorce," (emphasis added) we agree with those jurisdictions that conclude that the USFSPA does not limit the authority of a state court to grant postjudgment relief when military retirement pay previously divided by a divorce judgment is converted to disability pay, so long as the relief awarded does not itself attempt to divide disability pay as marital property.[4] Accordingly, if the court determines that Lorraine is entitled to enforcement relief or relief from judgment as a matter of state law, an ensuing order that results in David paying to Lorraine some or all of the amount she would have received directly from the United States Government absent David's conversion of his retirement pay to disability pay does not contravene *Mansell.* See, e.g., *Krapf v. Krapf,* 439 Mass. 97, 786 N.E.2d 318, 326 (2003) ("The [postdivorce] judgment in this case does not divide the defendant's VA disability benefits in contravention of the *Mansell* decision; the judgment merely enforced the defendant's contractual obligation to his former wife, which he may satisfy from any of his resources.").[5]

former wife relief based on guarantee clause in settlement agreement). On the other hand, some jurisdictions view *Mansell* as extending the prohibition of state court property division of military disability benefits to postdivorce judgment waivers of retirement pay: *Ashley v. Ashley,* 337 Ark. 362, 990 S.W.2d 507, 508–09 (1999) (holding that chancellor erred by enforcing former wife's originally assigned share of her former husband's disposable retirement pay); *In re Marriage of Pierce,* 26 Kan.App.2d 236, 982 P.2d 995, 998 (1999) (denying former wife relief after her former husband converted his retirement pay to disability pay).

4. In *Mansell,* the Supreme Court applied the USFSPA to a judgment from California, a community property jurisdiction. The Court therefore characterized the USFSPA as authorizing state courts to "treat disposable retired pay as community property; [but] they have not been granted the authority to treat total retired pay [which includes disability pay] as community property." 490 U.S. at 589, 109 S.Ct. 2023. Relative to Maine's equitable distribution statute, 19–A M.R.S.A. § 953 (1998 & Supp.2003), the USFSPA authorizes a divorce court to treat disposable retired pay earned during the marriage as marital property, but not to treat disability pay or other forms of total retired pay as marital property. Under the USFSPA, disposable retired pay is calculated by deducting from total retired pay amounts that result from "forfeitures of retired pay ordered by a court-martial or as a result of a waiver of retired pay required by law in order to receive compensation under title 5 or title 38 [disability payments]." 10 U.S.C. § 1408(a)(4)(B).

5. The Massachusetts Supreme Judicial Court decided *Krapf* after the District Court proceedings in this case. The District Court did, however, consider an earlier decision of the Massachusetts Court of Appeals in the *Krapf* case, *Krapf v. Krapf,* 55 Mass.App.Ct. 485, 771 N.E.2d 819 (2002), that reached the same result later reached by the Massachusetts Supreme Judicial Court. The District Court distinguished the holding in *Krapf* because, unlike Maine, Massachusetts recognizes an implied covenant of good faith and fair dealing in contracts, and the Blacks' marital settlement agreement did not contain a savings clause "tailored to protect Ms. Black's interests in the event that Mr. Black's [retirement benefits] were to be converted to a disability benefit." Enforcement relief is not, however, dependent on the existence of a savings clause or a covenant of good faith and fair dealing where, as here, a party's postjudgment actions render the divorce judgment's distributive award a nullity. The absence of a savings clause and a covenant of good faith and fair dealing may, however, factor in the court's determination of whether to exercise the discretion afforded by M.R. Civ. P. 60(b). *See McKeen & Assocs. v. Dep't of Transp.,* 1997 ME 73, ¶ 4, 692 A.2d 924, 926 ("Rule 60(b) 'presupposes that a party has performed his duty to take legal steps to protect his own interests *in the original litigation.*' " (quoting *Reville v. Reville,* 370 A.2d 249, 253–54 (Me.1977) (emphasis added))).

### B. Enforcement Relief

 [¶ 11] The District Court concluded that it could not order the enforcement of paragraph fifteen of the divorce judgment because of the strong public policy favoring the finality of property distributions and nonmodifiable waivers of spousal support. Under this view, Lorraine's receipt of her share of the military retirement pay by any means other than from the federal government would constitute either a new award of spousal support or a modified distribution of property. We disagree with this conclusion.

 [¶ 12] A court may not, under the rubric of enforcement, modify the property to be distributed to each party as established in a divorce judgment. *Wardwell v. Wardwell*, 458 A.2d 750, 752 (Me.1983) ("In the absence of statutory authorization to modify a judgment dividing marital property, the courts are without jurisdiction to do so."). Similarly, a court may not order a party to pay spousal support as a means to enforce a property distribution when the award of spousal support is expressly prohibited by the terms of the divorce judgment. A court may, however, enforce a property distribution by making adjustments to the mechanisms necessary for the distribution to occur. *See, e.g., Metivier v. Metivier*, 582 A.2d 971, 973 (Me.1990) ("The court's inherent power to enforce a divorce judgment includes the power to transfer responsibility for the sale of a marital residence."). Such adjustments may be warranted when a dis-

tributive award is not self-effectuating, and implementation of the award has been frustrated by a party's act or failure to act. *See, e.g., St. Hilaire v. St. Hilaire*, 526 A.2d 28, 29 (Me.1987) (The court "did not commit any error of law in [enforcing the judgment by] transferring responsibility for selling the home to the plaintiff.").

[¶ 13] The strong public policy favoring the finality of property distributions and nonmodifiable waivers of spousal support is not furthered here by the denial of enforcement. David's election of disability pay in lieu of retirement pay usurped the allocation of property ordered in the judgment, and it promoted the exact instability that the policy favoring the finality of judgments seeks to avoid. Because an adjustment to the mechanism by which Lorraine receives her property award is warranted, the court may enforce the judgment by requiring David to pay directly to Lorraine the amounts she would have received but for his actions.

### C. Relief From Judgment—M.R. Civ. P. 60(b)(6)

[¶ 14] The District Court concluded that Rule 60(b)(6) relief was precluded by the Supreme Court's opinion in *Mansell*.[6] For the reasons discussed earlier, the USFS-PA, as construed in *Mansell*, does not preclude all relief pursuant to M.R. Civ. P. 60(b)(6); it only precludes relief that treats a veteran's disability pay as marital or community property. Subject to this restriction, the court is not barred by federal

---

**6.** The Rule authorizes relief for "any other reason justifying relief from the operation of the judgment," and requires that a motion seeking such relief be brought "within a reasonable time" from the final judgment. M.R. Civ. P. 60(b)(6). The District Court also denied Lorraine's motion for relief from judgment pursuant to M.R. Civ. P. 60(b)(1). It concluded that Lorraine's request for relief based on a "mistake" pursuant to Rule 60(b)(1) was untimely. *See Greenwood v.*

*Greenwood*, 2000 ME 37, ¶ 14, 746 A.2d 358, 362. In addition, it determined that Lorraine failed to demonstrate that she had taken steps to protect her own interests at the time of the entry of the divorce judgment, as presupposed by the rule. *See McKeen & Assocs.*, 1997 ME 73, ¶ 4, 692 A.2d at 926. Because Lorraine has not challenged either of these determinations on appeal, we do not address the court's denial of relief under Rule 60(b)(1).

law from awarding Lorraine relief from judgment pursuant to Rule 60(b)(6) if it concludes that such relief is both warranted and necessary.[7]

[¶ 15] Relief from judgment may be warranted but not necessary here if the court determines that the manifest injustice that warrants relief from judgment can be fully addressed through an enforcement remedy. When confronted with a choice between enforcing a judgment or granting relief from judgment under M.R. Civ. P. 60(b)(6), a court should consider enforcement relief first because of the public policy favoring the finality of property distributions and nonmodifiable waivers of spousal support in divorce judgments. Because divorce judgments "affect so many collateral rights and interests of third persons[,] . . . uncertainty and fluctuation respecting them would be greatly detrimental to the public interest." *Reville v. Reville*, 370 A.2d 249, 253 (Me. 1977). The use of Rule 60(b)(6) to reopen otherwise nonmodifiable property and spousal support provisions of a final divorce judgment should be limited to those circumstances in which the court concludes that a manifest injustice cannot be adequately addressed through another avenue of relief.

The entry is:

Judgment vacated and remanded to the District Court for further proceedings consistent with this opinion.

CLIFFORD, J., with whom ALEXANDER, J., joins, concurring in part and dissenting in part.

[¶ 16] I agree with the Court that federal law does not preclude the District Court from taking any remedial action. In my view, however, the only remedy that is available to grant relief to Lorraine Black is M.R. Civ. P. 60(b)(6).

[¶ 17] The 1993 divorce judgment correctly found David Black's United States Air Force Retirement pay to be marital property, and divided that property. As a result of that division, each party received $667 per month before taxes. Courts are precluded from changing "the distribution of marital property specified in the original divorce judgment." *St. Hilaire v. St. Hilaire*, 526 A.2d 28, 29 (Me.1987). We have said that "[i]t is necessary that judgments, especially those settling property rights . . . have a high degree of stability and finality." *Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me.1982). Although courts are expressly permitted by statute to consider postjudgment motions to modify spousal and child support, no such authority exists to modify the division of marital property and "the courts are without jurisdiction to do so." *Wardwell v. Wardwell*, 458 A.2d 750, 752 (Me.1983).

[¶ 18] I agree that a divorce court can enforce a property distribution by making adjustments to the mechanisms necessary for the distribution to occur. *See Metivier v. Metivier*, 582 A.2d 971, 973 (Me.1990); *St. Hilaire*, 526 A.2d at 29. Both *Metivier* and *St. Hilaire*, however, involved postdivorce judgment orders by the court to shift from one spouse to the other spouse the responsibility for the sale of the marital home. *Metivier*, 582 A.2d at 973; *St. Hilaire*, 526 A.2d at 29. That kind of adjustment to the mechanisms necessary

---

7. We have previously recognized that "[t]he sweeping language of Rule 60(b)(6) . . . has its limitations. Although characterized as a 'grand reservoir of equitable power to do justice in a particular case,' this catch-all clause of the rule must be applied in the exercise of a sound judicial discretion." *Reville*, 370 A.2d at 253 (citations omitted); *see also Kolmosky v. Kolmosky*, 631 A.2d 419, 422 (Me.1993) (party not entitled to relief from choices freely and deliberately made).

for the distribution of marital property to occur is *procedural* in nature.

[¶ 19] In this case, the postjudgment enforcement relief requested by Lorraine is not merely procedural, but is very substantive. The focus of the provision of the divorce judgment that is now in dispute was not on awarding Lorraine spousal support, but rather was on the distribution of marital property, a component of which was David's retirement pay. The amount of $667 happens to be one-half of the monthly value of that marital property. A postjudgment order to enforce the judgment would have to be directed at the distribution of martial property and how that property was divided, i.e., the division of David's retirement pay. David's retirement pay, however, is no longer available to David. What is available to him is disability pay, which, by reason of federal law, is beyond the reach of the court. *Mansell v. Mansell,* 490 U.S. 581, 594–95, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). In my view, the original focus of the divorce judgment and the lack of authority of courts to modify divisions of property in divorce judgments, *Wardwell,* 458 A.2d at 752, combined with the decision in *Mansell,* precludes any effective action to *enforce* the judgment.

[¶ 20] Relief pursuant to M.R. Civ. P. 60(b), however, is not precluded. We said in *Wardwell* that the appropriate procedure for obtaining postjudgment relief from the division of marital property is a Rule 60(b) motion for relief from judgment. 458 A.2d at 752. Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for ... any other reason justifying relief from the operation of the judgment." M.R. Civ. P. 60(b)(6).

[¶ 21] The District Court found that, in the circumstances of this case, the conver-sion of David's retirement benefit to a disability benefit has resulted in a manifest injustice to Lorraine. Such a finding allows the court to consider granting relief pursuant to Rule 60(b)(6). *See Calaska Partners, L.P. v. Dahl,* 676 A.2d 498, 501 (Me.1996).

[¶ 22] The Supreme Court of Alaska has properly focused on the issues that must be considered by a court when dealing with a Rule 60(b)(6) motion in a case such as this one. In *Clauson v. Clauson,* Alaska's highest court held that the Uniformed Services Former Spouses' Protection Act (USFSPA) does not prohibit the modification of a divorce judgment to consider the loss of military pension benefits that was waived in order to receive veteran's disability benefits. 831 P.2d 1257, 1261–64 (Alaska 1992). The Court recognized that a court is prohibited by federal law from distributing any part of disability pay to a former spouse and from treating the disability pay as marital property, but found "that neither the USFSPA nor prior [U.S.] Supreme Court decisions require ... courts to completely ignore the economic consequences of a military retiree's decision to waive retirement pay in order to collect disability pay." *Id.* at 1263. In *Clauson,* the former husband waived his military pension to collect disability four years after the marital property settlement granted the former wife a portion of her ex-husband's military pension. *Id.* at 1258. The former wife stopped receiving payments and the trial court granted her 60(b)(6) relief from the divorce judgment, ordering that the former husband pay his former wife an amount equal to what she had been receiving as part of the pension. *Id.* The Supreme Court of Alaska vacated the trial court's order, concluding that the trial court effectively awarded the former wife a portion of the disability benefits, which was contrary to the ruling in *Mansell. Id.* at 1259. The Court did conclude that the circumstances supported relief un-

der Rule 60(b)(6), however, and remanded the case back to the trial court so that the trial court could properly consider the effect that the change from military pension to disability benefits had on the financial circumstances of the two former spouses, and could consider an equitable distribution of marital assets.[8] *Id.* at 1261, 1264.

[¶ 23] Because the reduction of David's pension benefits has resulted in manifest injustice to Lorraine, Rule 60(b)(6) allows the District Court to address Lorraine's request for relief from the divorce judgment. *See Calaska Partners, L.P.,* 676 A.2d at 501. Rule 60(b)(6) would allow the court to revisit the provisions of the divorce judgment, especially as that judgment relates to spousal support. *See Reville v. Reville,* 370 A.2d 249, 253 (Me. 1977) (characterizing Rule 60(b) as "grand reservoir of equitable power to do justice in a particular case") (internal quotations omitted). Such relief is subject to the discretion of the District Court. *See Sargent v. Sargent,* 1997 ME 38, ¶ 13, 691 A.2d 184, 188. Contrary to the conclusion of the District Court, it is not precluded by *federal law* from granting Rule 60(b)(6) relief to Lorraine. *See Clauson,* 831 P.2d at 1261–64. Rule 60(b)(6) would allow the court to address provisions of the divorce judgment, or some of them, to consider Lorraine's need for spousal support, and David's ability to pay such support, *see* 19-A M.R.S.A. § 951-A (Supp.2003), and in its discretion, to grant relief accordingly. I would vacate the District Court judgment and remand for further proceedings pursuant to Rule 60(b)(6).

---

8. In a similar case, the Superior Court in *Pinkham v. Gardner,* AP–97–19, 1998 Me.Super. LEXIS 155, at *10–12 (Me.Super. Ct., Sag. Cty., June 19, 1998) (Crowley, J.) following the reasoning of *Clauson,* vacated a decision of the District Court and granted relief from a divorce judgment pursuant to Rule 60(b)(6).