2008 ME 170

**Robert C. WRIGHT**

v.

**Jayne L. (Wright) MICHAUD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2008.

Decided: Nov. 18, 2008.

Michael E. Carpenter, Esq., Carpenter Law Office, Houlton, ME, for Robert Wright.

Christopher M. Leger, Esq., Caribou, ME, for Jayne L. (Wright) Michaud.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

CLIFFORD, J.

[¶ 1]   Robert C. Wright appeals from an order of the Superior Court (Aroostook County, *Hunter, J.*) entered after a post-divorce judgment hearing.  The order divided Wright's Federal Employees Retirement System (FERS) benefits after the court found that those FERS benefits were omitted property pursuant to 19–A M.R.S. § 953(9) (2007).  The court divided the portion of the FERS benefits that constituted marital property equally between Wright and his former wife, Jayne L. (Wright) Michaud.  Wright argues that the court erred in determining that the FERS benefits were omitted property, and that even if the FERS benefits were omitted property, the benefits he currently receives due to disability are not the property that was omitted and should not be divided.  We affirm the Superior Court's order.

## I.  BACKGROUND

[¶ 2]   Wright and Michaud were married on August 9, 1985.  For thirteen and one-half years during the parties' marriage, Wright worked for the United States Postal Service (USPS).  The parties were divorced on July 14, 2000, by a divorce judgment that adopted the parties' written settlement agreement.  The judgment did not expressly provide for the division of Wright's benefits as a USPS employee under the Federal Employees Retirement System.  The judgment did, however, provide that "[Michaud] shall have set aside to her one-half of the current value of [Wright's] pension from his employment.  The current value shall be determined as of the date of the filing of the divorce complaint."

[¶ 3]   At the uncontested divorce hearing, Wright testified as follows regarding his pension:

Q:  You also have a pension, is that correct?

A:  Yes, I do.  I—it's—it's a Thrift Savings Plan through the post office.  It's a 401K deal.

Q:  Okay.  You've agreed to split that in half up to the dates of—the date of filing of this divorce, is that correct?

A:  Yes, sir.

There was no testimony regarding Wright's benefits under FERS, nor was any action taken by either party subsequent to the entry of judgment to divide Wright's benefits under FERS.

[¶ 4]   In May of 2005, Michaud filed a motion for correction of judgment, alleging that, pursuant to the terms of the 2000 divorce judgment, she was entitled to receive one-half of the current value of Wright's FERS benefits from his USPS employment, that the divorce judgment did not follow the prescribed form for divi-

sion of the FERS benefit, and that that provision of the divorce judgment was therefore, in its present form, unenforceable for failure to comply with 5 C.F.R. § 838 (2005). While that motion was still pending, Michaud filed a motion to divide the FERS benefits as omitted property pursuant to 19-A M.R.S. § 953(9).[1]

[¶ 5] Following a hearing, the court found that the divorce judgment did not address the division of Wright's benefits under FERS, and that those rights thus constituted omitted property pursuant to section 953(9). Accordingly, the court divided the FERS benefits by determining that ninety percent of the benefits constitute marital property and that the ninety percent should be divided equally between Wright and Michaud, resulting in an award of forty-five percent of Wright's FERS benefits to Michaud.[2] Wright filed this appeal.

## II. DISCUSSION

[¶ 6] Wright contends that the court erred in its factual determination that the FERS benefits qualify as omitted property pursuant to 19-A M.R.S. § 953(9). We review factual findings for clear error. *Hedges v. Pitcher*, 2008 ME 55, ¶ 20, 942 A.2d 1217, 1223. Clear error exists only when there is no competent evidence in the record to support the court's factual findings. *Id.*

[¶ 7] Wright is correct that courts are reluctant to disturb final judgments, specifically judgments dividing marital assets. *See Black v. Black*, 2004 ME 21,

¶ 15, 842 A.2d 1280, 1287. Nonetheless, the Legislature has carved out a distinct exception in the case of omitted property. *See* 19-A M.R.S. § 953(9). Therefore, if the FERS benefits fall within this exception, it is within the court's discretion to amend a final judgment for the purpose of dividing the omitted property as justice requires.

[¶ 8] The court, after reviewing the trial transcripts, determined that in the divorce judgment adopting the parties' settlement agreement, the word "pension" was intended to refer to the Thrift Savings Plan, the 401K plan about which Wright testified at the divorce hearing, rather than Wright's FERS benefits. *See Blanchard v. Sawyer*, 2001 ME 18, ¶¶ 4–5, 769 A.2d 841, 843 (discussing the methods by which a trial court construes a prior judgment). Moreover, the court found no evidence that, in agreeing to a division of marital property, either party considered the existence or amount of FERS benefits. Therefore, the court did not clearly err in finding that the FERS benefits constitute omitted property subject to division.

[¶ 9] Wright further contends that even if the court rightfully concluded that his FERS benefits were omitted property, it erred in determining that the present benefit Wright receives from FERS should be included in the omitted property. He contends that the benefits he currently receives from FERS are in the form of disability payments, and that those benefits do not qualify as retirement benefits

---

1. Title 19-A M.R.S. § 953(9) (2007) provides as follows:

    **9. Omitted property.** If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common. On the motion of either party, the court may set aside or divide the omitted property between the parties, as justice may require.

2. Wright does not challenge the court's calculation of the *amount* of his FERS benefits, or the court's determination that whatever portion of the FERS benefits that is divisible marital property should be split equally between him and Michaud.

until he reaches age sixty-two. He argues that Michaud has no right to his disability payments and that, to the extent she is entitled to any amount of his FERS benefits, she can share in the FERS benefits only when they are converted to retirement payments when he turns sixty-two.

[¶ 10] Although he does argue that Michaud should not share in the disability payments, Wright cites no authority for the proposition that because the FERS benefits vested earlier than expected, and are in the form of disability payments, those benefits are somehow transformed from divisible marital property to nonmarital property.[3] Moreover, there was no evidence before the trial court to establish the exact nature of the current payments or the basis on which Wright receives the present benefits.

▮ [¶ 11] Accordingly, the court did not err in determining that the benefits, which the court found to be omitted property pursuant to 19–A M.R.S. § 953(9), are subject to division as marital property. These benefits are derived from the same source as Wright's USPS retirement pension, i.e. Wright's employment with the United States Postal Service. In the absence of evidence to the contrary, the court did not err in finding that they are marital property and are subject to equitable division. *See Stotler v. Wood,* 687 A.2d 636, 638 (Me.1996) (stating that "[a]n unvested right to retirement benefits is a contractual right, subject to a contingency, and is an asset subject to equitable distribution in divorce proceedings").

3. Unlike the Uniformed Services Former Spouses' Protection Act (USFSPA), which "does not grant state courts the power to treat as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits," *Black v. Black,* 2004 ME 21, ¶ 9, 842 A.2d 1280, 1284

The entry is:

Judgment affirmed.

(quoting *Mansell v. Mansell,* 490 U.S. 581, 594–95, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989)), there is no corresponding federal statute that applies to the Federal Employee Retirement System. Therefore, the decision in *Black* is not controlling in this case.