2010 ME 128

**Calvin L. HAFFORD**

v.

**Verley G. HAFFORD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 21, 2010.

Decided: Dec. 2, 2010.

---

Francis E. Bemis, Esq., Bemis & Rossignol, LLC, Presque Isle, ME, for Calvin Hafford.

Theodore M. Smith, Esq., Smith Law Office, LLC, Van Buren, ME, for Verley Hafford.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

MEAD, J.

[¶ 1] Verley G. Hafford appeals from a judgment entered by the District Court (Fort Kent, *Daigle, J.*) denying her motion to amend a divorce judgment by classifying military retirement benefits received by Calvin L. Hafford as omitted property, and then dividing the marital component of the benefits. Because we conclude that the court did not clearly err in finding that the divorce judgment awarded the benefits to Calvin, we affirm the judgment denying the motion to amend.

## I. BACKGROUND

[¶ 2] Calvin and Verley Hafford were married in October 1969; Calvin filed a complaint for divorce in September 2000. At the time the complaint was filed, both Calvin and Verley had Maine State Retirement System pensions, and Calvin also had a retirement pension from the Army National Guard (ANG) that had vested but was not yet paying benefits.[1]

[¶ 3] With the assistance of separate counsel, the parties negotiated a property settlement agreement. The agreement was signed on April 26, 2002, and its provisions were incorporated into a divorce judgment entered by the District Court (*Daigle, J.*) one week later. In September 2003, Verley filed a motion to modify the divorce judgment, which she later withdrew, on the ground that Calvin had not cleared the debt on a parcel of real estate awarded to her. The motion made no mention of the ANG pension.

[¶ 4] In November 2007, Verley filed the motion to amend that is at issue here, contending that the divorce judgment did not make any disposition of the ANG pen-

---

1. Calvin did not begin receiving benefits from the Army National Guard pension until May 2007.

sion, and therefore the pension constituted omitted property pursuant to 19–A M.R.S. § 953(9) (2009).[2] Calvin objected, contending that the property settlement agreement resolved the division of all of the parties' pensions, including the ANG pension, and that the resulting spousal support award to Verley in the divorce judgment was based upon their agreement concerning the pensions' value.

[¶ 5] The court held a hearing in October 2009 and received evidence relevant to the threshold issue of whether the ANG pension was in fact omitted property; it deferred receiving evidence on the issue of how the pension should be divided in that eventuality. Both Verley and Calvin testified at the hearing. Although the court did not explicitly so find, the record in this appeal contains evidence from which the court could have concluded that the parties' property settlement agreement was the result of several proposals and counter-proposals where Calvin's ANG retirement pay was a subject of negotiation, and that the final spousal support agreement, calling for Verley to receive a non-modifiable payment of $550 per month until the death of either party, took the value of the ANG pension into account. In December 2009, the court denied the motion to amend, finding that the divorce judgment had awarded the ANG pension to Calvin. Verley's motion for further findings was denied. This appeal followed.

## II. DISCUSSION

[¶ 6] The omitted property statute, 19–A M.R.S. § 953(9), is "an exception to the strong, long-recognized, policy consideration concerning the importance of finality of property settlements in divorce judgments." *Stotler v. Wood*, 687 A.2d 636, 638–39 (Me.1996). The parties here agree that Calvin's ANG pension had a marital component; they disagree as to whether the divorce judgment awarded it to Calvin. The court found that it did, and therefore concluded that the marital component of the pension was not omitted property. That factual finding is reviewed for clear error, and so it will not be disturbed on appeal unless no competent evidence in the record supports it. *Wright v. Michaud*, 2008 ME 170, ¶ 6, 959 A.2d 753, 755.

[¶ 7] The operative provision of the divorce judgment, which is essentially identical to the corresponding provision in the property agreement, provides:

A. The following personal property shall be awarded to Plaintiff as a portion of his share of the marital estate as well as his own separate property . . . :

. . . .

15. All other personal property, tangible and intangible, currently in the possession or subject to the control of Plaintiff.

[¶ 8] The ANG pension is properly classified as intangible personal property. *See Stotler*, 687 A.2d at 638 ("Choses in action, rights and other interests, the benefits of which may be receivable now or in the future are classifiable as intangible personal property." (quotation marks omitted)). Although the divorce judgment does not reference the ANG pension specifically, the court reasoned that the "[a]ll other personal property, tangible and intangible" clause acted to set the pension

2. The statute provides:

   9. **Omitted property.** If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common. On the motion of either party, the court may set aside or divide the omitted property between the parties, as justice may require. 19–A M.R.S. § 953(9) (2009).

apart to Calvin so long as it was "in [his] possession or subject to [his] control" at the time the judgment was entered. The court found that the pension was in Calvin's possession or control because the evidence showed that he began earning it in 1964, before the marriage began, and he was still earning points toward his retirement through January 2003, after the divorce judgment was entered. He did not begin receiving retirement pay until May 2007, the month after he turned age sixty.

[¶ 9] Accordingly, because they are supported by competent record evidence, the court's factual findings that (1) Calvin was in possession or control of the ANG pension at the time of the divorce judgment, and (2) the divorce judgment therefore awarded the pension to Calvin as his intangible personal property, are not clearly erroneous.[3] The bare fact that the pension was not explicitly referenced in the divorce judgment does not compel a conclusion that it was omitted property. *See Carr v. Carr,* 656 A.2d 743, 744 (Me.1995) (rejecting "trial court['s] conclu[sion] as a matter of law that [a] pension was omitted property simply because the [divorce judgment] did not address the division of the pension benefits as a marital asset" (quotation marks omitted)).

[¶ 10] Finally, Verley argues that the court erred in limiting the scope of the evidentiary hearing. It is clear on this record, however, that the court decided to conduct a bifurcated hearing by first receiving evidence on the potentially dispositive issue of whether the ANG pension was in fact omitted property, and then taking further evidence relevant to the division of the pension if that became necessary. By holding a hearing and making written findings, as opposed to summarily deciding the

motion on the pleadings, the court gave the parties a full opportunity to present evidence establishing that the pension was, or was not, omitted property pursuant to the statute, and also created a record permitting meaningful appellate review. The court's procedure reveals no error, and was in keeping with best practices for resolving these types of fact-based issues.

The entry is:

Judgment affirmed.

---

3. We note that the judge who construed the divorce judgment in this case is also the judge who originally authored it.