2008 ME 25

**Timothy C. WARD Sr.**

v.

**Vicki L. WARD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 27, 2007.

Decided: Feb. 5, 2008.

Ferdinand Slater, Esq., Ellsworth, ME, for Timothy Ward.

Vicki Ward, Bucksport, ME, pro se.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Timothy C. Ward Sr. appeals from the order of the District Court (Bangor, *Griffiths, J.*) granting Vicki L. Ward's motion to enforce the parties' divorce judgment by ordering that the marital real estate be sold and the proceeds split, and by ordering Timothy to pay Vicki $3000. On appeal, Timothy argues that the court exceeded its authority when it modified the distribution of marital property as previously established in the divorce judgment, and that the court acted improperly in addressing a matter not raised in the motion to enforce. We affirm in part, vacate in part, and remand to the trial court for rehearing.

## I. BACKGROUND

[¶ 2] The parties were divorced in an uncontested proceeding that resulted in a judgment (*A. Murray, J.*) dated June 6, 2006. The judgment awarded the marital home in Hampden to Timothy and ordered him to refinance the debt on the property under his name only. The judgment contained no deadline for the house refinancing. Timothy was also awarded a 2002 truck that he was ordered to refinance within six months.

[¶ 3] On July 21, 2006, Vicki filed a motion to enforce. In her motion, Vicki asked the court to require Timothy to "[r]emove my name from the mortgage located in Hampden and his truck. Return my dresser he remove[d] from the house." After a November 14, 2006, hearing, which was not recorded, the court denied Vicki's motion as it related to the truck, did not mention the dresser, and granted her motion as it related to the house by ordering the Hampden property sold and the net proceeds divided equally between the parties. The court also ordered Timothy to pay Vicki $3000 to represent "the payment by her of the joint debts of the parties...." Timothy filed this appeal from that order.

## II. DISCUSSION

 [¶ 4] "A court may not, under the rubric of enforcement, modify the property to be distributed to each party as established in a divorce judgment." *Black v. Black*, 2004 ME 21, ¶ 12, 842 A.2d 1280, 1286. In this case, although the court properly could have ordered the marital real estate to be refinanced within a specific, period of time, and failing that, to be sold in order to enforce the divorce judgment, it erred by ordering that the proceeds from such a sale be divided between the parties, as that distribution effected a modification of the property distribution ordered in the divorce. Therefore, that portion of the order granting the motion to enforce that requires the parties to sell the real estate and split the proceeds must be vacated.

 [¶ 5] Timothy also appealed that portion of the court's order that requires him to pay $3000 to Vicki to reimburse her for paying the parties' joint debts, arguing that Vicki's motion did not refer to, or seek remedy for, her payment toward the joint debt. Pursuant to M.R. Civ. P. 15(b), when issues not raised by the pleadings are tried by express or implied consent of the parties, they will be treated as though they had been raised in the pleadings. As stated above, there was no transcript of the motion hearing. In addition, Timothy made no request for findings of fact after receiving the court's order. Without a transcript, we must assume that there was sufficient evidence to support the findings and decisions made by the motion court. *See Alley v. Alley*, 2002 ME 162, ¶ 2, 809 A.2d 1262, 1262; *see also Powell v. Powell*, 645 A.2d 622, 623–24 (Me.1994) (stating that, "In the absence of a motion for specific findings of fact and conclusions of law, we assume the divorce court found all the facts necessary to support the judgment").

The entry is:

Those portions of the judgment denying Vicki Ward's motion to enforce Timothy Ward's obligation to refinance the truck and awarding Vicki $3000 are affirmed. Remainder of the judgment vacated and remanded for rehearing on Vicki's motion to enforce that portion of the divorce judgment that required Timothy to refinance the real property.