2011 ME 3

**Richard W. HAWKSLEY**

v.

**Maureen L. (Hawksley) GEROW.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 1, 2010.

Decided: Jan. 4, 2011.

Marvin H. Glazier, Esq., Seth D. Harrow, Esq., Vafiades, Brountas & Kominsky, LLP, Bangor, ME, for Maureen L. (Hawksley) Gerow.

Steven J. Lyman, Esq., Southwest Harbor, ME, for Richard W. Hawksley.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] Maureen L. (Hawksley) Gerow appeals from a decision of the District Court (Ellsworth, *Staples, J.*) granting Richard W. Hawksley's motion to enforce a divorce judgment. Gerow argues that the motion is barred by the doctrine of laches because it was filed nearly five years after the entry of the divorce judgment. She also argues that the order constitutes an impermissible modification of the divorce judgment's property distribution. We affirm the judgment.

## I. BACKGROUND

[¶ 2] During their marriage, Gerow and Hawksley operated two H & R Block franchises, one in Bucksport and the other in Belfast. They bought the franchises in 1995 and held them in Gerow's name only. The divorce judgment set aside the Bucksport franchise, valued at $82,500, to Gerow and the Belfast franchise, valued at $112,500, to Hawksley. The divorce judgment did not make explicit the steps each party would have to undertake to accomplish the transfer of the Belfast franchise; it stated only that the franchise was to "be set aside to [Hawksley] as his sole property." Gerow testified that she could not transfer the franchise to Hawksley because H & R Block made the decision concerning a transfer and a company representative had told her that H & R Block was unwilling to transfer it to Hawksley. Neither party filed a motion to modify the judgment with respect to the distribution of the Belfast franchise. Gerow continued to operate the franchise for several years until she sold the franchise for $180,000 and the equipment for $10,000.

[¶ 3] The court found that Hawksley did not provide a credible explanation for his delay in filing the motion to enforce, but Gerow was also at fault for failing to file a post-judgment motion seeking relief when she learned H & R Block would not transfer the franchise to Hawksley. The court found that Hawksley's delay was not prejudicial to Gerow because she was able to use the proceeds from the sale of the Belfast franchise to discharge debt alloca-

ble to the Bucksport franchise. The Bucksport and Belfast franchises together had $40,000 remaining in debt, all of which was discharged from the Belfast franchise sale proceeds. The court attributed half of the debt to Hawksley for his share of the debt on the Belfast franchise and half to Gerow to discharge debt on the Bucksport franchise. The court awarded Hawksley the remaining $150,000.

## II. DISCUSSION

[¶ 4] We review an order on a post-divorce motion for abuse of discretion or error of law. *Smith v. Padolko,* 2008 ME 56, ¶ 9, 955 A.2d 740, 743. We review de novo whether the equitable doctrine of laches bars a claim. *Van Dam v. Spickler,* 2009 ME 36, ¶ 12, 968 A.2d 1040, 1044. Factual findings are reviewed for clear error. *Id.* "Laches will bar a claim of specific performance where the omission to assert a right for an unreasonable and unexplained length of time has been prejudicial to an adverse party, such that it would be inequitable to enforce the right." *Id.* (alterations and quotation marks omitted).

[¶ 5] Although laches may be used as a defense to a motion to enforce a divorce order, *see Dow v. Adams,* 1998 ME 48, ¶ 13, 707 A.2d 793, 796, the court did not clearly err as to the facts or err as a matter of law when it determined that Gerow did not suffer prejudice from Hawksley's delay in bringing the motion. Furthermore, the court did not abuse its discretion when it balanced Hawksley's delay in filing the motion to enforce against Gerow's failure to file a motion for relief from the divorce judgment. *See Fisco v. Dep't of Human Servs.,* 659 A.2d 274, 276 (Me.1995) (quotation marks omitted) ("When both parties are at fault, neither can assert laches against the other.").

[¶ 6] Gerow also argues that the court erred in awarding Hawksley the difference between the value of the franchise at the time of the divorce and the increased value obtained when it was sold. Gerow argues that this part of the enforcement award represents an impermissible modification of the divorce judgment's property distribution.

[¶ 7] We review de novo whether an enforcement order constitutes a modification of the divorce judgment. *See Ward v. Ward,* 2008 ME 25, ¶ 4, 940 A.2d 1063, 1064; *St. Hilaire v. St. Hilaire,* 526 A.2d 28, 29 (Me.1987). "A court may not, under the rubric of enforcement, modify the property to be distributed to each party as established in a divorce judgment." *Black v. Black,* 2004 ME 21, ¶ 12, 842 A.2d 1280, 1286. However, a court may "enforce a property distribution by making adjustments to the mechanisms necessary for the distribution to occur. Such adjustments may be warranted when a distributive award is not self-effectuating, and implementation of the award has been frustrated by a party's act or failure to act." *Id.* (citation omitted). The court's decision to award the net sale proceeds to Hawksley, including the increase in the value of the Belfast franchise, constituted an adjustment to the mechanism of the property distribution rather than a modification of the award.

The entry is:

Judgment affirmed.