2012 ME 4

**Raymond R. CLOUTIER**

v.

**Robin M. (Cloutier) TURNER.**

Supreme Judicial Court of Maine.

Argued: Dec. 12, 2011.
Decided: Jan. 19, 2012.

Andrews Bruce Campbell, Esq. (orally), Andrews Bruce Campbell, P.A., Bowdoinham, on the briefs and argued, for appellant Raymond R. Cloutier.

Henry W. Griffin, Esq. (orally), Lewiston, on the briefs and argued, for appellee Robin (Cloutier) Turner.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1] Raymond R. Cloutier appeals from a judgment entered in the District Court (Lewiston, *Lawrence, J.*) granting Robin M. (Cloutier) Turner's motion to enforce the child support provisions of a 1992 amended divorce judgment. Cloutier argues that (1) Turner lacks standing to bring the motion to enforce because she filed it after the children became adults; (2) the limitations period on a claim of overdue child support is six years; (3) the court's failure to apply the six-year statute of limitations deprived Cloutier of his constitutional right of equal protection; and (4) laches should apply due to Turner's delay in bringing the motion to enforce. We affirm the judgment.

## I. FACTS AND PROCEDURE

[¶ 2] Cloutier and Turner were married in 1983 and divorced in 1987. An amended divorce judgment was entered in 1992. The amended judgment gave Turner primary residence of their two daughters and required Cloutier to pay $40.00 per week, effective October 2, 1992, as the total child support for both children. The 1992 order also required Cloutier to provide health insurance for the children, and to pay thirty-seven percent of any uninsured medical expenses.

[¶ 3] On September 1, 2010, Turner filed a motion to enforce the judgment, seeking unpaid child support and Cloutier's portion of the uninsured medical expenses she had paid for the children. The court held a hearing on December 10,

2010, and entered an order on December 13, 2010.

[¶ 4] At the time Turner filed the motion to enforce the judgment their two children were ages twenty-five and twenty-seven. Cloutier testified that he has five other children, and for a period he had child support obligations to both Turner and the mother of his other children.

[¶ 5] Turner testified that she did not file the motion sooner because Cloutier was intimidating; he gave excuses for not paying; and she preferred to avoid confrontation for the sake of the children. She testified that she spoke with Cloutier repeatedly over the years about the children's medical bills.

[¶ 6] The court found that between 1992 and 2003, when the younger daughter turned eighteen, Cloutier accrued a total child support obligation of $20,200.00 for both children. The court found that of this amount Cloutier had paid $4346.03 leaving a balance of $15,853.97 unpaid. The court rejected as lacking credibility Cloutier's testimony and his other evidence that he made additional payments. The court found that Turner had paid $10,481.00 of uninsured medical expenses for the children and awarded her Cloutier's unpaid thirty-seven percent obligation which was $3877.97. Turner dropped her claim that Cloutier reimburse her for a portion of the health insurance premiums she incurred to cover the children. The court ordered Cloutier to pay $3798.00 toward Turner's attorney fees. The total judgment was for $23,529.94 which included child support, uninsured medical expenses, and attorney fees. The court also awarded post-judgment interest and costs to Turner. Cloutier filed a timely appeal.

## II. DISCUSSION

[¶ 7] Cloutier makes four arguments on appeal. First, he argues that pursuant to 19–A M.R.S. § 1653(12) (2011)[1] Turner lost her standing to bring the motion to enforce once the children reached the age of eighteen. He argues that the children are the beneficiaries of a child support order, and now that they are adults Turner would only have standing if they assigned their interests to her.

[¶ 8] "Standing relates to the court's subject matter jurisdiction and may be raised at any time, including during an appeal." *Matteson v. Batchelder*, 2011 ME 134, ¶ 14, 32 A.3d 1059 (alteration omitted) (quotation marks omitted). We have held that "the right to installments of alimony or for support becomes absolute and vested as they become due," and "[t]his right is vested in the custodial parent, since any award of arrearages is in effect a reimbursement for support owed by the noncustodial parent and paid by the custodial parent." *Tapman v. Tapman*, 544 A.2d 1265, 1268 (Me.1988) (quotation marks omitted). Although the obligation to provide future support ends when the child reaches majority pursuant to 19–A M.R.S. § 1653(12), liability for arrearages does not terminate then, and therefore Turner has standing to bring a motion to enforce.

---

1. Title 19–A M.R.S. § 1653(12) (2011) states: **Termination of order.** A court order requiring the payment of child support remains in force as to each child until the order is altered by the court or until that child:

    A. Attains 18 years of age. For orders issued after January 1, 1990, if the child attains 18 years of age while attending secondary school as defined in Title 20–A, section 1, the order remains in force until the child graduates, withdraws or is expelled from secondary school or attains 19 years of age, whichever occurs first;

    B. Becomes married; or

    C. Becomes a member of the armed services.

■ [¶ 9] Second, Cloutier argues that the limitations period on a claim of overdue child support is six years pursuant to 14 M.R.S. § 752 (2011).[2] He argues that recognition of a limitations period longer than six years is beyond the power of the courts. We review de novo issues of statutory interpretation. *Peters v. O'Leary*, 2011 ME 106, ¶ 13, 30 A.3d 825. Pursuant to both 19–A M.R.S. § 2602(2) (2011)[3] and our precedent, *see Carter v. Carter*, 611 A.2d 86, 88 & n. 2 (Me.1992), child-support arrearages are considered money judgments. There is no statute of limitations for money judgments; rather, there is a statutory presumption of payment after the lapse of twenty years pursuant to 14 M.R.S. § 864 (2011). *See Carter*, 611 A.2d at 88 n. 2.

■ [¶ 10] Third, Cloutier argues that the limitations period that applies to fathers in paternity actions, which is six years pursuant to 19–A M.R.S. § 1554 (2011), also applies to him. The six-year limitations period in paternity actions on which he relies, however, limits "[t]he father's liabilities for past education and support ... to the 6–year period *preceding the commencement of an action.*" 19–A M.R.S. § 1554 (emphasis added). The arrearages ordered here accrued after judgment in the divorce action, not prior to the commencement of the action. In fact, the enforcement of all child support orders entered as part of a judgment in any action—including both paternity actions and divorce actions—is governed by the same statutes: 19–A M.R.S. §§ 2101–2675

(2011). *See* 19–A M.R.S. §§ 1553, 2101(13) (2011). Therefore, Cloutier has not been treated any differently than fathers who are subject to child support enforcement stemming from a paternity action. *See Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 26, 989 A.2d 1128 (explaining the test for equal protection).

■ [¶ 11] Fourth, Cloutier argues that Turner's claim should be barred by laches, and that he suffered prejudice from the delay because his records of payments were missing. The standard of review is de novo as to whether the doctrine of laches bars a claim. *Hawksley v. Gerow*, 2011 ME 3, ¶ 4, 10 A.3d 715. Assuming that laches may in some circumstances bar a claim for past due child support, Cloutier has failed to make the showing necessary to establish the defense. *See Glew v. Glew*, 1999 ME 114, ¶¶ 13–14, 734 A.2d 676; *Carter*, 611 A.2d at 87.

The entry is:

Judgment affirmed.

---

**2.** Title 14 M.R.S. § 752 (2011) states:

> All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state, or of a justice of the peace in this State, and except as otherwise specially provided.

**3.** Title 19–A M.R.S. § 2602(2) (2011) states:

> The court may order installment payments for future obligations under the decree. The court may enforce its decree ordering installment payments as provided under [14 M.R.S. §§ 3126–A to 3136 (2011) (concerning enforcement of money judgments)]. In enforcement actions under those sections, the person ordered to pay is deemed a judgment debtor and the person entitled to receive the payments a judgment creditor.