Me/

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
PORSC-CV-22-161

DIVERSIFIED PROPERTIES,

    Plaintiff,

v.

ARTIE R. ESWORTHY, JR., HELEN F.
ESWORTHY., and GUILD MORTGAGE
COMPANY, LLC,

    Defendants

**ORDER DENYING
MOTION TO DISMISS**

Plaintiff-Jennifer Rohde, Esq.
Defendants-Jonathan Flagg, Esq.

Before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's declaratory

judgment action for failure to state a claim. For the following reasons, the Court denies the

Motion to Dismiss.

**Background**

Plaintiff's Complaint states the following facts:

A judgment in the amount of $20,000 was issued in favor of Key Bank and against

George M. Shepherd[1] on September 27, 1996. Key Bank assigned the judgment to Plaintiff

Diversified Properties, Inc. on September 18, 1997. On September 18, 1998, a Writ of Execution

issued to Plaintiff against Mr. Shepherd for the judgment, plus costs and interest. On March 14,

2010, Mr. Shepherd purchased real property located at 13 North Seabreeze Avenue in

---

[1] Although Defendants occasionally refer to him as "Sheperd," the Court deduces from the record that the correct
spelling is "Shepherd."

1

REC'D CUMB CLERKS OF(
OCT 6 '22 PM4:10

Stonington, Maine ("the Property"), and the deed was recorded in the Hancock County Registry of Deeds. On March 14, 2013, a Renewal Writ was issued to Plaintiff and recorded in the Hancock County Registry of Deeds on March 20, 2013 ("the Lien").

On May 28, 2015, Shepherd's wife Laura Farr formed Pointed Fir, LLC in Maine, and on July 13, 2018, Shepherd transferred the Property to Pointed Fir. That transaction was also recorded in the Hancock County Registry of Deeds on July 17, 2018. On December 9, 2021, Pointed Fir sold the Property to Artie and Helen Esworthy ("the Esworthys"), which transaction was recorded in the Hancock County Registry of Deeds. The Esworthys executed a mortgage deed, with Guild Mortgage Company ("Guild") backing the mortgage. Soon thereafter, Plaintiff notified the Esworthys' title company agents, the Esworthys, and Guild of the Lien on the Property and of the fact that the Lien had not been paid at sale.

Plaintiff brings this action for a declaratory judgment that Plaintiff's Lien on the Property has priority over Guild's mortgage and that Plaintiff is entitled to full payment of the Lien. Plaintiff also requests the Court order that the Property be sold and proceeds applied to pay off the Lien. Defendants filed their Rule 12(b)(6) Motion to Dismiss on May 9, 2022.

**Legal Standard**

On a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party to determine whether the complaint alleges the elements of a cause of action or facts that may justify relief on any legal theory. *Stevens v. Bouchard*, 532 A.2d 1028, 1030 (Me. 1987). The Superior Court is authorized to grant declaratory relief by exercising discretion "based on good reason." *Perry v. Hartford Accident & Indem. Co.*, 481 A.2d 133, 135-6 (Me. 1984) (quoting *E. Fine Paper, Inc. v. Garriga Trading Co.*, 457 A.2d 1111, 1113 n.2).

2

The trial judge "must take cognizance that 'as a remedial statute, the Declaratory Judgments Act is entitled to a liberal construction to effectuate its salutary purpose. This in turn will occasion liberality in the exercise of the court's discretion.'" *Perry v. Hartford Accident & Indem. Co.*, 481 A.2d 133, 135-6 (Me. 1984) (quoting *King Resources Co. v. Env't Improvement Comm'n*, 270 A.2d 863, 867 (Me. 1970)).

**Discussion**

First, Defendants claim this action is based on a judgment issued against George Shepherd in the matter of *Key Bank of Me. v. George M. Shepherd, III, DDS*, and argue that that judgment and the related execution are no longer enforceable. Defendants argue that the lien is presumed paid because twenty years have passed since the initial judgment was entered. Title 14 M.R.S. § 864 reads:

> Every judgment and decree of any court of record of the United States or of any state or justice of the peace in this State is presumed to be paid and satisfied at the end of 20 years after any duty or obligations accrued by virtue of such judgment or decree, except for a child support order.

According to the current record, the initial judgment against George Shepherd was entered in September 1996, creating a presumption under § 864 that the judgment has been satisfied. Maine courts have held that § 864 does not bar actions for money judgments brought after twenty years. *Carter v. Carter*, 611 A.2d 86, 88 n.2 (Me. 1992); *Cloutier v. Turner*, 2012 ME 4, ¶ 9, 34 A.3d 1146. At this stage in the litigation, Plaintiff could still present evidence to rebut the presumption. Therefore, Defendants' first argument is unsuccessful.

Next, Defendants argue that Plaintiff's Writ of Execution was not issued within one year of the judgment against Shepherd, as required by 14 M.R.S. § 4652, which reads:

> No first execution shall be issued after one year from the time the judgment has

3

become final by the expiration of the time for appeal, by dismissal of an appeal, or on certificate of decision from the law court, except in cases provided for by section 4701 in which the first execution may be issued within not less than one year nor more than 2 years from the time of judgment.

Plaintiff responds that Defendants' argument is an impermissible collateral attack on this Court's issuance of a Renewal Writ and that Defendants have waived their argument on the underlying Writ.

A Renewal Writ may be issued pursuant to 14 M.R.S. § 4654, which states, "When execution is not issued within the times prescribed by sections 4652 and 4653, motion against the debtor may be made to show cause why execution on the judgment should not be issued, and if no sufficient cause is shown, execution may be issued thereon." Issuance of a Renewal Writ under section 4654 can under certain circumstances correct any delay in the acquisition of an original Writ. Plaintiff provides a copy of the Order for a Renewal Writ issued February 26, 2013, marked Plaintiff's Exhibit A, which indicates that no opposition to the Motion for Renewal Writ was received. Defendants' argument could have been properly made to the Motion under section 4654 but not in the context of this Motion to Dismiss.

Defendants make two final arguments, each of which claims the Complaint is lacking a required allegation and should be dismissed for failure to state a claim. Plaintiff responds that these two arguments are "factual attacks that are not required to be negated in the Complaint." Pl.'s Opp. at 3. The first of the two arguments is that the Complaint should contain an allegation that Plaintiff notified Shepherd of the lien. Under 14 M.R.S. § 4651-A(5),

> A lien created by this section becomes void and loses its status as a perfected security interest with respect to the right, title and interest of any particular judgment debtor and with respect to any other creditors of the judgment debtor unless the judgment creditor notifies the judgment debtor by certified or registered mail sent to the judgment debtor's last known address on or before the 20th day after filing or recording of the existence of the lien.

4

The second argument is that the Writ of Execution is invalid because it does not contain an allegation that the writ was returned within three years of issuance. Title 14 M.R.S. § 4651 reads,

> Executions may be issued on a judgment of the Superior Court or the District Court after the judgment has become final by the expiration of the time for appeal, by dismissal of an appeal or on certificate of decision from the law court, unless the court has pursuant to rule ordered execution at an earlier time, and are returnable within 3 years after issuance.

Unlike 32 M.R.S. § 11019 for example, which relates to debt collection actions and affirmatively requires certain allegations to be made in a complaint, the two statutes Defendants cite do not require any specific statements or allegations. The Court finds it is unlikely that the Legislature intended that a complaint without either of these two allegations be dismissed for that reason. If it had so intended, the Legislature could have created such a requirement. These two statutes are more aptly read as defenses available to Defendants if the case proceeds beyond this stage.

## Conclusion

None of Defendants arguments is successful, and the Court denies the Motion to Dismiss.

The entry is:

Defendants' Motion to Dismiss is DENIED.

The clerk may enter this Order into the docket by reference. M.R. Civ. P. 79(a).

Date: 10/4/22

M. Michaela Murphy
Justice, Maine Superior Court

5

Entered on the Docket: 10/05/22