Nancy CARR

v.

Brenton CARR.

Supreme Judicial Court of Maine.

Argued Oct. 3, 1994.

Decided March 30, 1995.

Barry K. Mills (orally), Hale & Hamlin, Ellsworth, for plaintiff.

Richard C. Ames (orally), Brunswick, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

Nancy Carr appeals from a judgment of the Superior Court (Hancock County, *Kraychuk, J.*) vacating a judgment of the District Court (Ellsworth, *Staples, J.*) determining that Brenton Carr's civil service pension was omitted marital property subject to division pursuant to 19 M.R.S.A. § 722–A(6) (Supp. 1994). Because we conclude that Brenton Carr's pension was not omitted property, we affirm the judgment of the Superior Court.

Brenton and Nancy obtained a divorce in September 1983. The divorce judgment incorporated a property settlement agreement drafted by Nancy's attorney. Brenton was not represented by counsel. The judgment also provided that Brenton would pay Nancy $24,000 in alimony at the rate of $400 per month for five years. At the time of the divorce, Brenton had retired from government service and was receiving a pension in the amount of $19,000 annually. Neither the divorce judgment nor the annexed property settlement mentioned the pension.

In January 1991 Nancy moved pursuant to 19 M.R.S.A. § 722–A(6)[1] to divide the pension equally between the parties. The District Court granted Nancy's motion, finding that the statute applied to the Carrs' judgment and that the original divorce court had failed to consider the pension as marital property. After a further hearing on the current economic status of the parties, the court awarded one-half of Brenton's future pension benefits to Nancy. On appeal the Superior Court vacated the judgment of the District Court. It found that the pension

1. 19 M.R.S.A. § 722–A(6) (Supp.1994) provides:

**Omitted property.** If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common. On motion of either party, which may be made at any time, the court may set aside or divide the omitted property between the parties, as justice may require.

Section 722–A(6) took effect on September 30, 1989. P.L.1989, ch. 150.

was not omitted marital property within the meaning of the statute because both parties and the court were aware of it, and because Nancy was responsible for omitting the property from the divorce judgment. We agree with the Superior Court.

At the November 1992 hearing on Nancy's motion, the trial court heard testimony from Brenton, Nancy, and Nancy's attorney. Both Brenton and Nancy testified that at the time of the divorce in 1983 they were aware of the pension. They stipulated that the original divorce court was also aware of the existence of the pension. Nancy testified that she understood Brenton was to receive the pension and that she was to receive $400 per month. Brenton testified that he believed the pension to be his property. He also testified that he would not have agreed to the alimony demand if he had known Nancy could later seek a part of his pension.

The attorney who drafted both the property settlement and the divorce judgment ultimately entered by the court testified that she did not realize that pensions were potentially marital property until our decision in *Axtell v. Axtell*, 482 A.2d 1261 (Me.1984).[2] Because she concluded that the pension was nonmarital property, she did not advise Nancy to seek division of the pension and she omitted it from the property settlement and the draft of the divorce judgment. She did, however, base her suggested alimony award on the income that Brenton expected to receive from the pension. At the time of the divorce, Brenton would have had little other income from which to satisfy his alimony obligation.

The trial court concluded as a matter of law that the pension was omitted property simply because "the [divorce court] did not address the division of the pension benefits as a marital asset and therefore such benefits would be 'omitted property' for the purposes of section 722–A(6)." We disagree. First, section 722–A(6) is not applicable to divorce judgments entered before September 30, 1989. *See Salenius v. Salenius*, 654 A.2d 426 (Me.1995). Second, based on the testimony of the parties to the 1983 proceedings, the

trial court was compelled to find that Brenton and Nancy agreed, and the original divorce court determined, that Brenton would retain his pension.

The entry is:

Judgment affirmed.

All concurring.

---

2. In that case, although we did not expressly hold that pensions are marital property, we upheld a division of marital property that included a pension. *Axtell v. Axtell*, 482 A.2d 1261 (Me. 1984).