1999 ME 147

**Debora CROSS**

v.

**Brent CROSS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 29, 1999.
Decided Oct. 25, 1999.

---

David J. Van Dyke, Berman & Simmons, P.A., Lewiston, (The plaintiff was pro se in Superior Court), for the plaintiff.

Amy Faircloth, Pelletier & Faircloth, Bangor, for the defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Debora Cross appeals from the judgment of the Superior Court (Penobscot County, *Mead, J.*), which affirmed the entry of summary judgment by the District Court (Bangor, *Russell, J.*) against her post-judgment motion to divide omitted property pursuant to 19–A M.R.S.A. § 953(9) (1998). Debora Cross alleges that during her marriage to Brent Cross and at the time of their divorce, Brent Cross owned an interest in the Woodrow W. Cross Agency, Inc. (the Cross Agency) that was subject to division as marital property, but was omitted from the District Court's original divorce order.

[¶ 2] In 1992, Debora Cross and Brent Cross were divorced by judgment of the District Court. In 1996, Debora Cross moved pursuant to 19–A M.R.S.A. § 953(9) for division of Brent Cross's stake in the Cross Agency. Claiming that he had no such interest, Brent Cross filed a motion for summary judgment which the District Court granted and the Superior Court affirmed.

[¶ 3] When the Superior Court acts as an intermediate appellate court, we review directly the decision of the District Court rather than the decision of the Superior Court. *See Melanson v. Matheson,* 1998 ME 117, ¶ 6, 711 A.2d 147, 148; *Williams v. Williams,* 444 A.2d 977, 978 (Me.1982).

[¶ 4] The District Court found that "any alleged interest in the Woodrow W. Cross Agency is not omitted property within the meaning of Title 19 M.R.S.A. Section 722–A(6)," now 19–A M.R.S.A. § 953(9). The omitted property statute provides:

If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common. On the motion of either party, the court may set aside or divide the omitted property between the parties, as justice may require.

19–A M.R.S.A. § 953(9) (1998).

[¶ 5] Interpreting section 953(9), we have held that property actually considered by the divorce court, although not expressly disposed of in its order, is not necessarily omitted property. *See Carr v. Carr,* 656 A.2d 743, 744 (Me.1995).

[¶ 6] The transcript of the 1992 trial in this case reflects that the question of whether Brent Cross owned an interest in the Cross Agency was brought to the divorce court's attention in 1992. Debora Cross questioned Brent Cross regarding why the shareholder agreement did not constitute proof of his ownership in the corporation. Brent Cross presented evidence demonstrating that he had no ownership interest. Just prior to resting, Debora Cross discussed with the court subpoenas that had been served to obtain documents and testimony regarding the question of Brent Cross's stock ownership.

[¶ 7] Because the issue of whether Brent Cross had an ownership interest in the Cross Agency was addressed in the 1992 proceedings, the District Court was correct in ruling that any alleged ownership interest in the Cross Agency was not omitted property. The fact that the 1992 judgment did not address any ownership interest in the Cross Agency leads to the inference that the court concluded that Brent Cross had no ownership interest in the Cross Agency. A property interest which the trial court inferentially decided did not exist is not omitted property open to relitigation under 19–A M.R.S.A. § 953(9).

The entry is:

Judgment affirmed.