2012 ME 58

**Janice W. DUNWOODY**

v.

**Steven M. DUNWOODY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 1, 2012.

Decided: May 1, 2012.

Lawrence B. Goodglass, Esq., Robinson Kriger & McCallum, Portland, for appellant Steven M. Dunwoody.

Susan M. Schultz, Esq., Givertz, Scheffee & Lavoie, P.A., Portland, for appellee Janice W. Dunwoody.

Panel: ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

JABAR, J.

[¶ 1] Steven M. Dunwoody appeals from the judgment of the District Court (Portland, *J.D. Kennedy, J.*) ordering the cash surrender value of his life insurance policy to be evenly split between himself and Janice W. Dunwoody after their youngest child reaches the age of twenty-three. Steven argues that Janice ceased to have any interest in the cash surrender value of his life insurance policy as of the date of their divorce—November 13, 2001. Steven also contends that the court committed reversible error in admitting Janice's affidavit and failing to hold a conference of counsel. Because we conclude that the court improperly disposed of omitted property—the cash surrender value of the life insurance policy—within the purview of a motion to clarify, we vacate and remand.

## I. BACKGROUND

[¶ 2] Janice and Steven were married on January 28, 1988. During the course of their marriage, Janice and Steven had three children, born on December 11, 1988; August 21, 1990; and February 24, 1997. Only the youngest child is currently a minor, and the oldest child is now twenty-three. On November 13, 2001, thirteen years after they were married, Janice and Steven were divorced. The divorce judgment was entered in District Court (Portland, *Bradley, J.*) after a four-day hearing held in June 2001, where both parties were

represented by counsel, and after a referee's report was entered on July 11, 2001. The divorce judgment addresses a variety of issues, including allocation of parental rights and responsibilities and division of real, personal, and intangible property. The portion addressing parental rights and responsibilities awarded Janice primary physical residence of the three children and awarded Janice and Steven joint parental rights and responsibilities.

[¶ 3] At the time of the divorce, Steven had several life insurance policies. His two Navy Mutual Aid policies were fully distributed in the 2001 divorce judgment. However, a trust was to be established as the beneficiary of his remaining life insurance policies.[1]

[¶ 4] The 2001 divorce judgment stated, in relation to the remaining life insurance policies and the trust, that

> [t]he remaining life insurance policies shall be maintained in full force and effect until all of the children turn 23. The parties shall establish a trust, which shall designate Susan Hunter, Esq. as trustee. The policies shall name the trust as primary beneficiary for the benefits of the policies. The trust shall include whatever arrangements Ms. Hunter determines necessary, but must provide for the payment of the children's reasonable needs, including college educational costs.

The referee's report, with John David Kennedy, now Judge Kennedy, acting as referee, stated:

> All other life insurance policies are to be maintained in full force and effect, and the parties are ordered to name Susan Hunter, Esq., as primary beneficiary, in her capacity as trustee for the benefit of the parties' three minor children, and to establish whatever appropriate trust arrangements Ms. Hunter determines necessary. Each party may name contingent beneficiaries for the policies covering each of them as they may wish.

Both parties agree that a trust was never established.

[¶ 5] On July 29, 2010, Steven filed a motion to modify the 2001 divorce judgment, seeking to establish the life insurance trust as provided in the judgment. On December 29, 2010, the District Court (Portland, *Beaudoin, J.*) issued an order dismissing the motion without prejudice because a motion to modify is not the proper means to establish the terms of the trust ordered in the 2001 divorce judgment. Again seeking to establish the trust and the terms of the trust document, Steven filed a motion to clarify the 2001 divorce judgment on February 7, 2011. The court issued its order on April 13, 2011, "clarifying" the original divorce judgment by ordering that the trust be established; that the trust proceeds be used for the children's reasonable costs, including college expenses, if Steven died before the youngest child turned twenty-three; and that the trust would terminate on the youngest child's twenty-third birthday and thereafter the cash surrender value of the trust would be divided between the parties equally. Janice filed a motion for reconsideration on April 29, 2011, and Steven filed his objection to that motion on May 4, 2011. On July 26, 2011, Janice filed an affidavit in support of her request that the court reconsider its initial clarifying order. Steven responded on July 28, 2011, by submitting an objection to the affidavit and

---

1. The record does not establish the current value of any "remaining life insurance policies"; however, Steven asserts in his brief that he bought life insurance policies with a disability rider while working as a pilot for Delta Airlines. Because Steven suffered severe injuries in a 1999 skiing accident, and is now a paraplegic, Northwest Mutual pays the premiums on those policies.

requesting a conference. A conference was never held, and the court issued its revised clarifying order on September 13, 2011. In the revised clarifying order, the court changed the above-referenced language in the 2001 divorce judgment:

a. The remaining life insurance policies shall be maintained in full force and effect until all of the children turn 23. The parties shall establish a trust, which shall designate James R. Murphy as the trustee. The trust shall be the beneficiary of the remaining life insurance policies, and if [Steven] predeceases one or more of the children under age 23, then the life insurance proceeds shall be utilized for the payment of the children's reasonable costs, including college educational costs, including costs advanced by either party prior to the establishment of the trust.

b. If there are remaining unexpended funds on the last child's 23rd birthday, the balance shall be distributed among the surviving children, per capita. However, if [Steven] does not predecease the children then the trust shall terminate on the last child's 23rd birthday. Any cash surrender value of the policies at that time shall be divided between the parties equally.

[¶ 6] The court added the last clause of paragraph "a"—"including costs advanced by either party prior to the establishment of the trust"—to the original clarifying order in its revised clarifying order. In addition to this language change, the court concluded that the purpose of ordering the creation of the trust was to provide security for the three children, and therefore the life insurance policy should not be invaded before the youngest child reaches the age of twenty-three. The court also found that the cash surrender value of the policy was "simply not considered" in the original divorce judgment and concluded that it was omitted property.

[¶ 7] Steven timely appealed from the court's judgment pursuant to 14 M.R.S. § 1901(1) (2011), M.R. Civ. P. 123, and M.R.App. P. 2.

## II.  DISCUSSION

[¶ 8] Both parties agree that the cash surrender value of the life insurance policy is omitted property pursuant to 19–A M.R.S. § 953(9) (2011). Because the cash surrender value is omitted property, the court erred by disposing of it as part of the court's decision on the motion to clarify. The court found that the cash surrender value of the insurance policy was not considered in the original divorce judgment and concluded that it was omitted property. Nevertheless, the court, without notifying the parties of its conclusion regarding the omitted property, divided the property as part of its decision on the motion to clarify.

[¶ 9] A motion for disposition of omitted property is properly presented pursuant to a motion brought before the court. Section 953(9) provides:

> If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common. On the motion of either party, the court may set aside or divide the omitted property between the parties, as justice may require.

[¶ 10] Because the cash surrender value of the policy is omitted property, its disposition should have been litigated pursuant to a motion brought by one of the parties. The court recognized the need to set aside or divide the cash surrender value when it reviewed Janice's motion for reconsideration. It erred, however, when it divided the omitted property based on

"facts" presented in Janice's affidavit that were contested by Steven and had not been presented through testimony and cross-examination. We hereby remand this case for a hearing on the omitted property claim.[2] At that hearing, the parties will be free to present testimonial and other evidence.

The entry is:

Judgment vacated. Remanded for a hearing to be held consistent with this opinion.

---

**2.** Although neither party filed a motion pursuant to 19–A M.R.S. § 953(9) (2011), we note that Steven filed the motion to clarify because that was the directive given to him by the District Court after his first failed motion. To avoid further delay, we do not require the filing of yet another motion.