STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-80

ESTATE OF RICHARD PAUL
THAYER, PAMELA THAYER,
PERSONAL REPRESENTATIVE

JUN 2 '23 AM9:01
ANDRO SUPERIOR COURT

Plaintiff

ORDER ON MOTIONS FOR
SUMMARY JUDGMENT

v.

LUCINDA J. POOLER, and DANIEL D.
THAYER,

Defendants

The matters before the court are defendants Lucinda J. Pooler and Daniel D. Thayer's and

the Estate of Richard Paul Thayer, Pamela Thayer, Personal Representative's respective motions

for summary judgment.

Background

Richard Thayer acquired a parcel of land in 1967 in Minot, Maine. (Defs.' Supp.'g

S.M.F. ¶ 1.) This parcel was acquired by deed recorded in the Androscoggin County Registry of

Deeds in Book 977, Page 615. (*Id.*) The court will refer to this parcel as "Parcel 1." Parcel 1 is

located on Minot Tax Map R08, Lot 023. (Pl.'s Opp. S.M.F. ¶ 1.)

In 1969, Richard Thayer acquired another parcel, "Parcel 2." (Defs.' Supp.'g S.M.F. ¶ 2.)

The deed to Parcel 2 was recorded in the Androscoggin County Registry of Deeds in Book 1016,

Page 464. (*Id.*) Parcel 2 is located on Minot Tax Map R08, Lot 023, as well. (Pl.'s Opp. S.M.F. ¶

2.)

1

In 1982, Richard Thayer acquired a third parcel, "Parcel 3." (Defs.' Supp.'g S.M.F. ¶ 4.) The deed to Parcel 3 was recorded in the Androscoggin County Registry of Deeds in Book 1680, Page 173. (*Id.*) Parcel 3 is located on Minot Tax Map R09, Parcel 27B. (*Id.*)

Parcel 2 is adjacent to Center Minot Hill Road, Minot, Maine. (Pl.'s Add. S.M.F. ¶ 16.) Parcel 1 is landlocked by Parcel 2 and Parcel 3. (Pl.'s Add. S.M.F. ¶ 17.) Parcel 1 and Parcel 2 have also been taxed and indexed under the same Lot number on the Town of Minot's Tax Map since 1977. (Pl.'s Add. S.M.F. ¶ 18.) Richard Thayer had a dam constructed on Parcel 1 in 1986, which resulted in a man-made pond forming that spans portions of Parcel 1, Parcel 2, and Parcel 3. (Pl.'s' Add. S.M.F. ¶ 19.)

Richard Thayer and his first wife, Eleanor Thayer, divorced in 1999. (Defs.' Supp.'g S.M.F. ¶ 5; Pl.'s Add. S.M.F. ¶ 15.) The Divorce Decree expressly set aside Parcel 2 to Richard Thayer. (Defs.' Supp.'g S.M.F. ¶ 6.) The Divorce Decree also set aside Parcel 3 to Richard Thayer. (Defs.' Supp.'g S.M.F. ¶ 7.)

After the Divorce Decree, Richard Thayer was the only person to pay taxes on Parcel 1. (Defs.' Supp.'g S.M.F. ¶ 11.) The parties also agree that Richard Thayer and his second wife, Pamela Thayer, used Parcel 1 recreationally, harvested timber on the property, consulted with professionals to manage tree growth on the property, enrolled the property in tree growth, and restricted access to the property by others. (*Id.*)

Eleanor Thayer died in 2015. (Defs.' Supp.'g S.M.F. ¶ 8.) Her estate was never probated. (Defs.' Supp.'g S.M.F. ¶ 9.) Richard Thayer died in 2019. (Defs.' Supp.'g S.M.F. ¶ 10.)

The Estate of Richard Thayer, through its personal representative Pamela Thayer, brought this lawsuit seeking a declaration of its rights regarding Parcel 1 pursuant to the Declaratory Judgments Act, 14 M.R.S. §§ 5951-5963. Specifically, the Estate is seeking a

declaration that Parcel 1 was not omitted property from the Divorce Decree, or, alternatively, that Richard Thayer acquired title to Parcel 1 before his death through adverse possession, and that the Estate has clear title to Parcel 1. Lucinda Pooler and Daniel Thayer, heirs of Eleanor Thayer, claim ownership interests Parcel 1 as tenants in common.

Standard

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted).

"Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2). "Assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial." *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.

Discussion

The parties have made cross motions for summary judgment. Defendants argue that Parcel 1 was omitted from the Divorce Decree, which, pursuant to 19-A M.R.S. § 953(9), meant that Parcel 1 was owned by Eleanor Thayer and Richard Thayer as tenants in common. The Estate argues that the divorce court did not omit Parcel 1 from the Divorce Decree, or that if it did, it was at least aware of Parcel 1 and did not intend to exclude it from the disposition of

3

property under the Divorce Decree, which the Estate argues means that Parcel 1 is not omitted property pursuant to § 953. Further, the Estate argues that even if Parcel 1 is omitted property, the court may set it aside or divide it between the parties as justice may require.

The parties agree that if defendants own Parcel 1 as tenants in common with the Estate, the Estate fails on its adverse possession claim.

Omitted Property

19-A M.R.S § 953(9) provides:

If a final divorce decree fails to set apart or divide marital property over which the court had jurisdiction, the omitted property is deemed held by both parties as tenants in common. On the motion of either party, the court may set aside or divide the omitted property between the parties, as justice may require.

To properly set aside real estate, the Divorce Decree must contain, at least:

An adequate description of the real estate, such as by reference to the volume and page number of an instrument recorded in the registry of deeds or the probate court record, or an adequate description by metes and bounds or by reference to the volume and page number of the registry of deeds' records of a survey plan of the property; . . . [and]

A clear statement of the ownership interest of the parties in the real estate intended by the court to result from that decree.

19-A M.R.S. § 953(7)(C), (E).

"Property actually considered by the divorce court, although not expressly disposed of in its order, is not necessarily omitted property." *Cross v. Cross*, 1999 ME 147, ¶ 5, 739 A.2d 380. For example, if there was a dispute regarding the existence of the property and the court did not dispose of it in its order, that omission is more likely to be viewed as an implicit finding that the property does not exist. *See Id.* ¶ 7.

The Divorce Decree contains a list of parcels that were to go to Richard Thayer, all of which are referenced by deed recorded in the Androscoggin County Registry of Deeds. Parcels 2

4

and 3 were both disposed of by reference to their recorded deeds. The recorded deed to Parcel 1 is never mentioned in the Divorce Decree.

The Estate argues that the descriptions of the Parcels given to Richard Thayer by the Divorce Decree are expansive enough to include Parcel 1 by reference, even if Parcel 1 is never referred to by deed. The descriptions of Parcel 2 and Parcel 3 are as follows:

> Land in Minot, Androscoggin County, Maine, together with a pond located thereon, the deed to which is recorded in the Androscoggin County Registry of Deeds, Book 1016, Page 464. (Parcel 2)

> Land and buildings located on the Center Hill Road in Minot, Androscoggin County, Maine, the deed to which is recorded in the Androscoggin County Registry of Deeds, Book 1680, Page 173. (Parcel 3)

(Ex. 1.) This language is unambiguous. Each paragraph describes the parcel it is granting to Richard Thayer generally and directs the reader to the recorded deed for a more precise description of the parcel described.

The Estate argues that the court should read the general language out of context and ignore the deed references, arguing that the general description is legally sufficient to transfer Parcels 1, 2, and 3 to Richard Thayer. The inclusion of the deed references is not something the court can simply ignore when construing the Divorce Decree. Maine courts avoid interpreting any language in legal instruments in such a way as would render some of their language meaningless. *See, e.g., Riemann v. Toland*, 2022 ME 13, ¶ 28, 269 A.3d 229; *Pelkey v. GE Capital Assur. Co.*, 2002 ME 142, ¶ 15, 804 A.2d 385. To ignore the deed references would be reading roughly one third of the text of the relevant paragraphs as meaningless.

The absurdity of the Estate's argument is clarified by an examination of the Divorce Decree. The Divorce Decree grants Richard Thayer a number of pieces of real estate and grants certain partial interests in real estate to Richard Thayer and Eleanor Thayer. Each piece of real

5

estate is described in a separate paragraph, set off from the one before and after by a line break. Each paragraph refers to a single parcel, which is identified by reference to a recorded deed in the Androscoggin County Registry of Deeds. If Parcel 1 was meant to be included, surely it would have been granted to Richard Thayer following the same pattern, and would not require the court to intuit its inclusion from a general description tied to another deed.

The fact that the Town of Minot had merged Parcel 1 and Parcel 2 on its tax maps is not persuasive. The Divorce Decree does not reference the tax maps, it references recorded deeds. The court finds that the Divorce Decree says what it says, and it does not expressly dispose of any property identifiable as Parcel 1.

Having found that the language of the Divorce Decree unambiguously omits Parcel 1, the court now turns to the Estate's second argument, that Parcel 1 is not omitted property even though it was not expressly disposed of. For the court to contemplate this argument, there must be a genuine issue of material fact that Parcel 1 was actually considered by the divorce court. *Cross*, 1999 ME 147, ¶ 5, 739 A.2d 380.

The Estate argues that it is clear that the parties, and presumably the divorce court, were aware of Parcel 1 at the time that the Divorce Judgment was entered. That is not the relevant question. What matter is whether the parties, and by extension the divorce court, *considered* Parcel 1 in their disposition of the property. This is a subtle but important distinction. The parties could have been aware of Parcel 1 in a general sense without ever discussing it while drafting the Divorce Decree.

Neither party has entered a statement of fact into the record concerning what the parties considered while drafting the Divorce Decree. The Estate asks the court to infer that the parties considered Parcel 1 based on the physical characteristics of Parcel 1 and its relationship to

6

Parcels 2 and 3, namely, that Parcel 1 is landlocked and contiguous with Parcel 2 and Parcel 3. The court does not find that to be a sufficient basis to conclude that there is an issue of material fact as to the parties' consideration of Parcel 1 while drafting the Divorce Decree. This is evidence that it may have been an oversight to not include Parcel 1 in the Divorce Decree, but it does not provide any insight into what the parties or divorce actually considered.

Importantly, unlike other cases where the failure to include certain property that was considered by the divorce court is not treated as omitted property, the failure to include Parcel 1 does not automatically suggest a particular disposition of Parcel 1 as a matter of law. In *Cross*, the fact that certain property was not included indicated that the divorce court did not believe that the property existed, because the existence, or lack thereof, of the property was an issue argued before the divorce court. *Cross*, 1999 ME 147, ¶ 7, 739 A.2d 380. In *Carr v. Carr*, the Law Court found that the fact that pension benefits were not addressed by the divorce court did not make those benefits omitted property because the record compelled the divorce court to find that the parties agreed that the pension benefits would not be split. *Carr v. Carr*, 656 A.2d 743, 744 (Me. 1995). Here, the omission of Parcel 1 from the Divorce Decree does not imply any analogous finding. While it would be consistent with the overall design of the Divorce Decree to find that Parcel 1 was granted to Richard Thayer, that is not enough to overcome the clear and unambiguous language. The court must find that Parcel 1 is omitted property within the meaning of 19-A M.R.S. § 953(9).

Finally, having found that Parcel 1 is omitted property, the court considers the Estate's argument that the court should set aside Parcel 1 to the Estate regardless. § 953(9) provides that "[o]n the motion of either party, the court may set aside or divide the omitted property between the parties, as justice may require." Neither party has made such a motion. Also, such a motion is

7

properly presented to the divorce court, not the Superior Court on a related declaratory judgment matter. *See Dunwoody v. Dunwoody*, 2012 ME 58, ¶ 9, 43 A.3d 945. Even if the court were to consider the Estate's alternative argument despite it not being a motion filed in the proper forum, any late disposition under this provision cannot be done using a summary judgment record. *See Id.* ¶ 10 (disposition of property under § 953(9) requires evidentiary hearing with right to present testimonial and other evidence).

There remain no issues of material fact on this record. Parcel 1 is omitted property and was therefore held as tenants in common by Eleanor Thayer and Richard Thayer, and such interests passed to their heirs. As the Estate concedes, it cannot prevail on its adverse possession claim against a tenant in common.

The entry is

> Defendants Lucinda J. Pooler and Daniel D. Thayer's
> Motion for Summary Judgment is hereby GRANTED.
> Plaintiff Estate of Richard Paul Thayer, Pamela Thayer,
> Personal Representative's Cross Motion for Summary
> Judgment is hereby DENIED.

> The Clerk is directed to enter this order into the docket by
> reference pursuant to M.R.Civ.P. 79(a).

Date: June 2 , 2023

Harold Stewart, II
Justice, Superior Court

8