MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2020 ME 46
Docket:       Han-19-395
Argued:       March 3, 2020
Decided:      April 14, 2020

Panel:        SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

## ESTATE OF KENDALL W. HATCH JR.

JABAR, J.

[¶1]  Karen Hatch, former spouse of the decedent, Kendall W. Hatch Jr., appeals from a judgment of the Hancock County Probate Court (*Blaisdell, J.*), interpreting a divorce judgment and holding that certain real property, once held in joint tenancy by Kendall and Karen, is an asset of Kendall's estate.  Karen argues that the Probate Court erred when it held that the joint tenancy was severed and that Kendall was the sole owner of the Bucksport property at the time of his death.  Because the Probate Court's judgment represents a reasonable interpretation of the underlying divorce judgment, we affirm the judgment.

## I. BACKGROUND

[¶2]  Kendall W. Hatch Jr., was married to Karen A. Hatch, and the two owned real estate in Bucksport in joint tenancy.  The couple divorced in 2010, and the District Court (Ellsworth, *Dobson, J.*) entered a divorce judgment

2

dividing their marital property, including the Bucksport property. The trial court found that the Bucksport property was "theoretically" worth $75,000, but was encumbered by a mortgage and plagued by a mold infestation, rendering the property "uninsurable . . . un-refinanceable . . . [and] likely unsalable." In light of these circumstances, the court ordered Kendall to attempt to sell the property:

> [Kendall] shall list the property for sale immediately . . . with a listing of at least 6 months and at a price recommended by the broker . . . . If the property does not sell, [Kendall] shall again list the property in 2011 and 2012 under the same terms. If an offer is received, [Kendall] shall notify [Karen] of the offer. If the parties agree to the sale price, the property will be sold. If the parties do not agree, they will accept the recommendation of the broker as to whether the sale price is commercially reasonable.

In the event that the property was sold, net proceeds were to be divided equally between Kendall and Karen. If, however, Kendall was "not able to sell or refinance the property by the end of 2012, after good faith efforts to do so, the property [would] be set aside to [Kendall]."[1] The divorce judgment specified, "Until the real estate is sold [Kendall] shall have the right to exclusive possession of the real estate and shall be solely responsible for" expenses

---

[1] Although the divorce judgment ordered that the proceeds would be "set aside" to Kendall, a term typically used to describe the disposition of nonmarital assets, the Bucksport property was properly characterized as marital, and the parties do not dispute this fact.

related to the property. The parties dispute the extent to which Kendall tried to sell the property in conformity with the divorce judgment, but it is undisputed that he did not sell the property.

[¶3] On November 6, 2015, Karen filed a motion for contempt in the District Court in an attempt to force Kendall to comply with the court's directive to try to sell the Bucksport property. On June 30, 2016, by agreement of the parties, the District Court (*Larson, J.*) entered an "Order for Sale of Real Estate," which authorized Karen to list the property and attempt to sell it on Kendall's behalf.[2] This right was exclusive and was effective for one year. Shortly thereafter, on July 12, 2016, the court found Kendall to be in contempt of the original divorce judgment and ordered him to make weekly payments to satisfy a spousal support arrearage. The order provided that if Karen succeeded in selling the Bucksport property before this arrearage was paid in full, Kendall's share of the proceeds was to be applied to the arrearage. The property still did not sell.

[¶4] Kendall died on February 5, 2018. His daughter filed in the Hancock County Probate Court an application for informal appointment of a personal

---

[2] An amended version of this order was issued on September 23, 2016, to correct a clerical error.

4

representative. Kendall's estate was admitted to informal probate and the daughter was appointed personal representative in March 2018.

[¶5] On June 6, 2019, the personal representative filed a petition for instruction, asking that the Probate Court hold that Karen Hatch forfeited any interest in the Bucksport property when she failed to sell the property within the time allotted by the District Court, and that the Estate of Kendall Hatch was the sole owner of the property. No hearing was held in the matter.

[¶6] In its subsequent order, the Probate Court (*Blaisdell, J.*) found that "it was initially unclear where title to the Bucksport property laid following the divorce judgment of August 2010, given that the order was silent as to what would happen if [Kendall] did not use good faith efforts to sell the property." The court also found that Karen's 2015 motion for contempt generated the issue of whether Kendall had used good faith efforts to sell the property between 2010 and 2012. Finally, the court concluded that title to the Bucksport property vested automatically in Kendall when Karen failed to sell the property:

> Given the fact that the good faith issue was brought to the District Court's attention and an agreement between the parties was reached resulting in a Court Order allowing Karen Hatch to list and sell the property for a year, which apparently ended on September 23, 2017, without a sale[,] this Court finds that as of at least September 24, 2017, . . . Kendall Hatch became the sole owner

of the real estate in question and thus said Bucksport property is an asset of his estate.

Karen timely appealed the judgment. M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶7] Karen argues that the Probate Court erred when it held that the joint tenancy was severed and that Kendall was the sole owner of the Bucksport property at the time of his death. She contends, instead, that the property was still held in joint tenancy at the time of Kendall's death and that she became sole owner by right of survivorship when he died. *See, e.g., Strout v. Burgess*, 144 Me. 263, 279, 68 A.2d 241 (1949) ("By the very nature of joint tenancy, the title of the first joint tenant who dies terminates with his death, and as both he and his cotenant were possessed and owners per tout, that is of the whole, the estate of the survivor continues as before.").

[¶8] The Estate, on the other hand, argues that the District Court's order granting Karen the right to sell the property modified the divorce judgment, replacing the original contingency ("If [Kendall] is not able to sell . . . the property by the end of 2012, after good faith efforts to do so, the property shall be set aside to [Kendall].") with another (Karen has the right to attempt a sale for one year). When Karen failed to sell the property, the contingency was met, and title vested in Kendall, as originally prescribed by the divorce judgment.

[¶9] "When an order of the Probate Court is appealed, we defer to the Probate Court on factual findings unless they are clearly erroneous, but we review de novo the application of the law to the facts." *Estate of Greenblatt*, 2014 ME 32, ¶ 12, 86 A.3d 1215 (quotation marks omitted).

[¶10] We have previously held that, without more, a divorce judgment does not automatically sever a joint tenancy:

> [W]here a settlement agreement and a divorce judgment provide for a future sale or disposition of the real estate *and are silent on the parties' intentions as to whether the property remains in joint tenancy pending the disposition*, it should not be presumed that the parties intended an immediate severance of the joint tenancy.

*Estate of Gordan*, 2004 ME 23, ¶ 14, 842 A.2d 1270 (emphasis added). Where a judgment contemplates a future severance of the joint tenancy, but the circumstances do not suggest that severance is intended to be immediate, severance is not presumed. Here, the objective intentions of the parties to the divorce judgment are unclear with regard to the effect of the judgment on the joint tenancy. Therefore, we cannot conclude on this record that the joint tenancy was severed immediately upon entry of the divorce judgment.

[¶11] Although the joint tenancy was not severed immediately upon entry of the divorce judgment, it was indeed severed on September 24, 2017, when the one-year period during which Karen had the right to sell the property

expired. The Probate Court correctly concluded that, even if the joint tenancy was not severed earlier, it was undoubtedly severed on this date. The District Court's order granting Karen the right to attempt a sale for one year left in place a single and definite fallback provision—absent a sale, the property would go to Kendall. When Karen failed to sell the property by September 24, 2017, the joint tenancy was severed and title vested solely in Kendall.

[¶12] In response to Karen's motion for contempt, the District Court did not, and could not, modify the ultimate distribution of marital assets prescribed by the divorce judgment. It could, however, shift responsibility for marketing the Bucksport property from Kendall to Karen. *See St. Hilaire v. St. Hilaire*, 526 A.2d 28, 29 (Me. 1987) (affirming the trial court's judgment shifting the burden of selling the marital home under a divorce judgment, but leaving the ultimate distribution of marital assets unchanged). The District Court's Order for Sale of Real Estate shifted the responsibility for selling the home from Kendall to Karen, but left the ultimate distribution of marital assets undisturbed. When Karen's one-year opportunity to sell the home expired without any sale, it triggered the disposition originally set forth in the divorce judgment—title to the property vested in Kendall and the joint tenancy was severed.

8

[¶13]  The Probate Court reasonably interpreted the divorce judgment and subsequent orders of the District Court in concluding that title to the property vested in Kendall on September 24, 2017, and did not err in finding that the property is now an asset of the Estate.

The entry is:

Judgment affirmed.

---

Zachary F. McNally, Esq. (orally), Hale & Hamlin, LLC, Ellsworth, for appellant Karen Hatch

Derek A. Jones, Esq. (orally), Acadia Law Group, LLC, Ellsworth, for appellee Estate of Kendall Hatch

Hancock County Probate Court case number 2018-111
FOR CLERK REFERENCE ONLY